Bowersock v. Adams.

J. D. BOWERSOCK v. T. M. ADAMS, *as Sheriff of Sumner County.*

55    681
73    370

1. CROSS-EXAMINATION— *Great Latitude Allowable, When.* In a controversy where it is claimed that a transfer of property was a pretense and a fraud, and where it is attended by some unusual circumstances, the court should allow an extended inquiry and great latitude in cross-examination of the parties thereto as to the consideration of the transfer, the means of the parties thereto, their conduct, and the circumstances of the transfer.

2. PERSONAL-PROPERTY STATEMENTS — *Copies, When Receivable in Evidence.* Certified copies of personal-property statements made for purposes of taxation, which have been signed and verified by the listing parties and preserved in the office of the county clerk, may be received in evidence where the originals would be competent and where they are not in the possession nor under the control of the party desiring to use the same.

3. EXECUTION, *When Presumed Valid.* Where the plaintiff alleges that property which he is seeking to recover was seized by a sheriff under an execution issued out of a certain court, and directed to the officer as sheriff, and there is no averment that the execution was irregular in form or invalid for any reason, it will be presumed that the execution is valid and sufficient to justify the seizure of the property.

4. PROBATE COURT— *Certain Orders do not Become Records.* In proceedings in aid of execution before a probate judge, the orders made and proceedings taken do not become records of the probate court, and copies of the same certified to by the probate

judge are not admissible in evidence for the purpose of showing what orders and proceedings were made and had.

5. INJUNCTION, *will not Affect One not a Party.* An order of injunction restraining the sale of property will not affect one who is not a party or a privy to the proceeding, and who has had no notice and is without knowledge that such an order has been made.

*Error from Sumner District Court.*

ACTION of replevin by *J. D. Bowersock* against *T. M. Adams*, as sheriff of Sumner county. Defendant had judgment, and plaintiff brings the case to this court. The facts are stated in the opinion herein, filed October 5, 1895.

*A. E. Parker*, for plaintiff in error.

*Thomas George*, and *W. W. Schwinn*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by J. D. Bowersock to recover from T. M. Adams, who was sheriff of Sumner county, the possession of 10 horses, 2 omnibuses, 2 hacks, 1 baggage-wagon, and 5 sets of harness, of the alleged value of $3,070. The sheriff had seized the animals and articles mentioned, upon an execution, as the property of Henry Tisdale. The property had belonged to Tisdale, but Bowersock claimed that Tisdale was indebted to him in a large sum of money, and that the property was sold and transferred to him as part payment of that indebtedness. The defendant claimed that the property in fact belonged to Tisdale at the time of the levy thereon, and that the transfer was not made in good faith, but rather for the purpose of covering it up so as to defeat the creditors of Tisdale.

The *bona fides* of the transfer was the principal in-

quiry in the litigation, and upon that proposition the findings and judgment of the court were against the plaintiff. He first complains that the range given to the cross-examination of some of the witnesses was too wide, the result of which was prejudicial to him. The statements made by the plaintiff in several of the pleadings and in his testimony, together with some unusual circumstances which were brought out in the case, justified an extended inquiry and great latitude in cross-examintion as to the consideration

1. Cross-examination—great latitude allowable, when.

of the transfer, the means of the parties thereto, their conduct, and the circumstances of the transfer. In this view we cannot say that prejudicial error was committed in ruling upon the objections to the cross-examination of plaintiff's witnesses.

In the course of the trial, certified copies of personal-property statements, listing the property owned or formerly owned by Tisdale, were received in evidence. These statements, when signed and verified by the listing parties, are required to be returned to the county clerk, and preserved in his office. (Gen. Stat. of 1889, ¶ 6914.) As they are official papers, required by law to be filed and preserved in a public office, copies of them, duly certified by the

2. Personal-property statements—copies, when receivable in evidence.

county clerk under his official seal, may be received in evidence with the same effect as the originals, where the originals are not in the possession nor under the control of the party desiring to use the same. (Civil Code, § 372.) The statements in question were made before and after the alleged transfer, and tended to throw some light on the question of a change of possession, and of the management and control of the property

by the parties to that transfer. We think no error was committed in receiving them.

Nor can we sustain the objection to the proof of the process under which the property was seized and held by the sheriff. The only proof offered in that respect was a certified copy of an execution issued upon a judgment of the district court of Sedgwick county. The certificate of the clerk was sufficient in form to make the copy of the execution admissible where the original was out of the possession and beyond the control of the sheriff, but no proof of the judgment upon which the execution was based was produced. To justify such a seizure by an officer, it is generally necessary that his official character and the proceedings and process under which he acted should be shown. In this case, however, the official character of the officer was alleged in the petition, and it also contained an averment that he took possession of the property as sheriff under and by virtue of a "supposed" writ of execution issued out of the district court of Sedgwick county, Kansas, and directed to him as sheriff. There was no averment that the execution was irregular in form or invalid for any reason, and as the plaintiff alleged the existence of process which, if valid, would justify a seizure of the property, its validity, in the absence of an averment to the contrary, will be presumed.

3. Execution, when presumed valid.

A more serious objection, however, was the admission in evidence of certified copies of certain proceedings in aid of execution had before the probate judge of Douglas county. They purport to have been had before the probate judge in October, 1888, and were instituted upon affidavit alleging that in the district

court of Sedgwick county a judgment had been obtained against Henry Tisdale in favor of Samuel Wickery for $4,800 ; that an execution issued thereon had been returned unsatisfied ; and that Tisdale had property which he unjustly refused to apply toward the satisfaction of the judgment.   Upon this affidavit the probate judge issued an order requiring Tisdale to appear and answer concerning his property.   In accordance with this order, he appeared on October 3, 1888, which was about a year before the alleged transfer, and submitted to an examination concerning his property, which was made upon oath and reduced to writing.   At the close of the examination, the probate judge ordered him to turn over a small sum of money, which he admitted to have on his person, and ordered that he be restrained from interfering with or disposing of any of the property mentioned in his evidence. These proceedings purport to have been before John Q. A. Norton, probate judge, while the certificate attached to the papers is made by B. J. Horton, a successor, who certifies them to be copies of papers in the proceedings referred to which he finds among the papers of the Douglas county probate court.   The

4. Probate court—certain orders do not become records.

certified copies do not reach the rank of evidence, and their admission was error. The papers in question were not records of the probate court.   While the proceedings were had before the probate judge, they were not an exercise of probate jurisdiction, nor was a record of them required to be kept in the probate court.   The judge was exercising judicial functions in a case in the district court, and was in fact acting as a subordinate officer of that court, and under its supervisory control.   (*Young v. Ledrick*, 14 Kas. 92.)   Under the statute, the judge is required to "reduce all his orders to writing, which,

together with a minute of his proceedings, signed by himself, shall be filed with the clerk of the court of the county in which judgment is rendered or the transcript of the justice filed, and the clerk shall enter on his execution docket the time of filing the same." (Civil Code, § 499.) Under this provision, it became the duty of the probate judge of Douglas county to transmit and file with the clerk of the district court of Sedgwick county the orders and proceedings which have been mentioned ; and the clerk of that court, who had the legal custody of the records, was the only officer who was competent to give certified copies of the same that might be used as evidence. As there was no valid proof offered of these proceedings or of the order of injunction made by the probate judge of Douglas county, the admission of the testimony was prejudicial error. As this was the only testimony concerning the injunction, the court committed error in refusing to instruct the jury that there was no sufficient evidence that Tisdale had been enjoined or restrained from selling or disposing of the property in controversy at the time that he claimed to have sold it to Bowersock. In his testimony, Bowersock stated that he had no notice or knowledge of the restraining order, and if it had been shown that such an order had been made, then the court should have granted the request of plaintiff, and instructed the jury that an injunction allowed against Tisdale would not affect the plaintiff in the matter of the purchase of the property, unless he had been notified of the injunction before the purchase of the property, or had knowledge that such injunction had been issued.

5. Injunction, will not affect one not a party.

For the errors mentioned, the judgment will be reversed and the cause remanded for a new trial.

All the Justices concurring.