[Sac. No. 8.   Department Two.—November 26, 1895.]

OTTO GRUNSKY, ASSIGNEE, ETC., APPELLANT, *v.* A. PARLIN, RESPONDENT.

INSOLVENCY — TRANSFER OUT OF USUAL COURSE OF BUSINESS — PRESUMPTION OF FRAUD—REBUTTAL—CONFLICTING EVIDENCE.—In an action by an assignee in insolvency to recover merchandise transferred by the insolvent to the defendant, the fact that the transfers were not made in the ordinary course of business of the insolvent renders them *prima facie* fraudulent; but the presumption of fraud is subject to rebuttal, and where there was evidence on behalf of the defendant which tended to show that he had no information of the insolvent condition of the grantor, and that the prices paid and agreed to be paid were the full and fair value of the property purchased, and that he has offered to make

deferred payments to the assignee, such evidence, if believed, is suffi-
cient to rebut the presumption of fraud; and where the evidence is con-
flicting, the credence to be allowed to the evidence for the defendant is
for the trial court to determine, and a decision by the trial court that
the defendant made his purchases in good faith and without fraudulent
intent, and for a sufficient consideration, will not be disturbed upon
appeal.

ID.— FRAUDULENT INTENT OF VENDOR — OMISSION TO FIND.—Where the
findings exonerate the vendee of the charge of fraud, the intent of the
vendor becomes immaterial, and an omission to find as to whether the in-
solvent was guilty of a fraudulent intent in the transfer to the vendee
is not an omission to dispose of a material issue.

ID.—FRAUD OF SELLER—INNOCENT PURCHASER.—A transfer by an insolvent
debtor cannot be vacated because of the fraud of the seller in which the
purchaser had no part, and of which he had no notice.

APPEAL from a judgment of the Superior Court of
the County of San Joaquin and from an order denying
a new trial. ANSEL SMITH, Judge.

The facts are stated in the opinion.

*Minor & Ashley,* and *James H. & J. E. Budd,* for
Appellant.

The transfer was fraudulent, being out of the usual
course of business. (*Washburn* v. *Huntington,* 78 Cal.
576.) The court having found that the sales were made
out of the usual and ordinary course of business, such
finding imports notice of insolvency to the purchaser,
and the court erred in failing to find as to whether the
transfer was made by the insolvent in contemplation of
insolvency to prevent his property from coming to his
assignee in insolvency. (Wait on Fraudulent Convey-
ances, sec. 376; *Ohleyer* v. *Bunce,* 65 Cal. 544; *Washburn*
v. *Huntington, supra; Godfrey* v. *Miller,* 80 Cal. 425.)
The fact that the defendant paid a valuable considera-
tion is immaterial, as the law requires good faith as well
as a valuable consideration. (*Blennerhassett* v. *Sherman,*
105 U. S. 100; Kerr on Fraud, sec. 200; Wait on Fraud-
ulent Conveyances, sec. 207.)

*Nicol & Orr,* for Respondent.

The mere fraudulent intent of the insolvent alone,
not participated in by the purchaser, cannot defeat the

conveyance, and the fact that shortly after the sale the vendor was adjudged an insolvent does not affect the purchaser's rights. (*Merchants' Nat. Bank* v. *Northrup*, 22 N. J. Eq. 58; *Cohen* v. *Knox*, 90 Cal. 273; *Priest* v. *Brown*, 100 Cal. 629.)

BRITT, C.—Hull was a dealer in stationery and musical instruments. His voluntary petition in insolvency was filed June 16, 1893, and in due course plaintiff was chosen his assignee. At sundry times within three days next before said June 16th, Hull sold to defendant certain pianos and organs, and notes and other contracts previously taken by him in the course of business with his customers; the amount of the sales to defendant was thirteen hundred and eighty-five dollars, of which six hundred and fifty-six dollars was paid in cash, and by agreement the sum of seven hundred and twenty-nine dollars was to be subsequently paid in installments. Plaintiff brought this action to set aside such sales, alleging that the same were made to prevent the coming of the property to the possession of the assignee, and its ratable distribution among Hull's creditors, and to defeat the objects of the Insolvent Act of 1880. The trial was by the court, which found that the defendant made his purchases in good faith, without the intent charged and for sufficient consideration; defendant had judgment accordingly. Appellant urges that the findings are unsupported by the evidence.

The transfers in question were not made in the ordinary course of the business of Hull, and hence were *prima facie* fraudulent (Insolvent Act, sec. 55); there was also evidence of other circumstances tending to cast suspicion on them. But on behalf of defendant there was evidence which tended to show that he had no information of Hull's insolvent condition; that the prices paid and agreed to be paid were the full and fair value of the property he purchased; that he has offered to make to the assignee the payments deferred under his arrangements with Hull; and that his conduct,

speaking generally, was not inspired by any fraudulent motive. The presumption of fraud was subject to rebuttal (*Bernheim* v. *Christal,* 76 Cal. 567); and, though the evidence in some parts was sharply conflicting, yet there was sufficient, if believed, to rebut such presumption; what credence should be allowed to it was a matter for the trial court to determine. These remarks apply as well to the choses in action assigned to defendant as to the pianos and organs, though appellant argues that the facts were so different regarding the former that as to them, at least, he should have had judgment.

It is also contended that in failing to find whether Hull entertained the fraudulent intent alleged in the complaint the court omitted to dispose of a material issue. But, since the findings exonerated the vendee of the charge of fraud, the intent of the vendor ceased to be of any consequence in the case; a transaction of this nature cannot be vacated because of the fraud of the seller in which the purchaser had no part, and of which he had no notice. (*Merchants' Nat. Bank* v. *Northrup,* 22 N. J. Eq. 58.)

The judgment and order appealed from should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J.; HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.