KATE LaCLEF v. WILLIAM C. CAMPBELL, *as Sheriff of Cloud County, Kansas.*

No. 137.

1. FRAUD—*Competent Evidence.* When a transfer of property is claimed to have been made in fraud of the rights of creditors, the acts and declarations of the vendor at and preceding the time when the transfer was made are admissible in evidence for the purpose of showing his intent.

2. EVIDENCE—*Parol—Judicial Records.* Parol evidence is not admissible to prove the facts recited in judicial records or the nature of judicial proceedings.

3. FRAUD—*Notice to Vendee—Erroneous Instruction.* Before a sale and transfer of property can be avoided, because made by the vendor to defraud his creditors, it must appear that the vendee either participated in such fraud or had notice at the time of the real nature of the transaction, or that, for other reasons, he was not an innocent purchaser; and it is error for the court to instruct the jury that the fraud of the vendor alone is sufficient to invalidate the transfer.

MEMORANDUM.—Error from Cloud district court; F. W. STURGES, judge. Action in replevin by Kate La-Clef against William C. Campbell, as sheriff of Cloud county, Kansas. Judgment for defendant. Plaintiff brings the case to this court. Reversed. The opinion herein, filed June 4, 1896, states the material facts.

*L. J. Crans,* for plaintiff in error.

*Caldwell & Ellis,* for defendant in error.

The opinion of the court was delivered by

GARVER, J. : This was an action of replevin brought by Kate LaClef to recover of William C. Campbell, sheriff of Cloud county, certain horses, which he had seized as the property of Isidore LaClef, the husband of the plaintiff, on an execution issued against him out of the district court of Lyon county. There was some evidence in the case tending to show an original purchase of the horses by the plaintiff, and other evidence tending to prove that she acquired the property from her husband. The defendant claimed that the property in fact belonged to Isidore LaClef, and that the claimed transfer was not made in good faith, but for the purpose of defrauding his creditors.

Complaint is made of the rulings of the court in admitting evidence showing certain statements and declarations of Isidore LaClef previous to and about the time it is claimed the transfer was made. These consisted of personal-property statements, listing portions of the property in question for taxation as the property of said Isidore LaClef, and declarations made by him of his intention to dispose of his property so as to avoid its being taken on the debt for which the levy was made. This evidence, we think, was properly admitted. To sustain the theory of the defendant, two things had to be established : (1) That the property was transferred by Isidore LaClef to the plaintiff with the intent to defeat his creditors; (2) that the plaintiff did not acquire it in good faith, and was a party to the transaction with full knowledge of its fraudulent character. As has been frequently held, while fraud is not presumed but must be proved, yet it is difficult, in most cases, to prove fraud by direct

and positive evidence; it can ordinarily only be established by taking into consideration all the facts and circumstances surrounding the transaction, and the acts and declarations of the vendor which are connected with or have reference to a contemplated transfer of property are admissible in evidence for the purpose of showing his intent. ' (*Bowersock v.'Adams*, 55 Kan. 681; *National Bank v. Beard*, 55 id. 773; *Cooke v. Cooke*, 43 Md. 522; *Gillet v. Phelps*, 12 Wis. 392; *Chase v. Chase*, 105 Mass. 385; *McLane v. Johnson*, 43 Vt. 48.)

It is further objected that witnesses of the defendant were permitted to testify concerning the nature of a certain suit brought in the district court of Lyon county by John P. Johnson against Isidore LaClef and others, and to show by oral evidence what was the subject-matter of that action, the several steps that were taken in the proceedings, and their result. This evidence was admitted over the objection of the plaintiff, and, on the theory of the defendant, was material and important. In this we think the court committed substantial error. It is elementary law that the contents of records and the course and the results of judicial proceedings cannot be established in that manner. If the facts involved in such inquiry are material and relevant, they should be proved by the records themselves or by properly certified copies of the same.

Complaint is also made of instructions given, and of the refusal to give special instructions which were asked by the plaintiff. For the most part, the instructions requested were either properly refused, or were covered by the general charge to the jury. Among others, the court was asked to instruct the jury that

the secret intent of Isidore LaClef, however bad, could not affect the plaintiff if she was a *bona fide* purchaser without notice. .This was refused, and nothing given upon that proposition.. On the contrary, the court instructed the jury as follows :

" If, however, the property or any part ·thereof was the property of the husband, and was not exempt, but was subject to his debts, and was transferred to his wife with the intent to defraud his creditors, or those who afterward might become such, from the fact that he had such property, or if the same was given to the wife under such circumstances, then, in either event, such transfer would, as to such creditor, be void ; and if the execution creditor in this case is such a party, you would be justified in finding for the defendant."

Elsewhere in the charge, the court said :

"If, however, she acquired the property, and acquired it from the husband or through funds or property of his unexempt, and acquired it at a time when he was in debt, or anticipating debt which was afterward made in any manner on the strength or from the fact that he had such property, then, as against such creditors, she would acquire no title, but the same would be subject to execution on a judgment on such debts."

In no part of the instructions was the attention of the jury directed to the fact that the fraud of the vendor alone is not sufficient to invalidate a sale and transfer of property. To have that effect, the vendee must have participated in the fraud, or have had notice or knowledge of the fraudulent nature of the transaction. Whatever may be said as to the evidence in this case, and however well founded may be the claim that Isidore LaClef should be deemed the owner of the property in controversy, as between him

and his creditors, yet the plaintiff had a right to have the cause submitted to the jury under instructions which laid down the rules of law as applicable to the different theories upon which the case was tried. Under the circumstances, it was error for the court to refuse to give the instruction asked.

Other errors are assigned and presented in the brief for the plaintiff, but are, in our opinion, either without merit, or are of such a character that they are not likely to recur upon another trial.

For the errors mentioned in the foregoing opinion, the judgment will be reversed, and the case remanded for a new trial.

All the Judges concurring.