[No. 3733.   Decided July 10, 1901.]

A. N. BERLIN et al., Respondents, v. A. T. VAN DE VAN-
TER et al., Appellants.

FRAUDULENT CONVEYANCES — EVIDENCE.

In a trial of a claim of title to goods that had been seized
under attachment, the court was warranted in withdrawing the
case from the jury and entering judgment for plaintiffs, when
the only defense set up by the attaching creditors was that the
sale to plaintiffs was fraudulent, and the evidence showed that
the sale of the goods had been negotiated on Saturday, an in-
ventory of the goods taken and a bill of sale executed on Sun-
day, and 60 per cent. of the invoice price of the goods paid by
plaintiffs on Monday morning after the delivery of the goods
to them; there being nothing in the evidence showing that the
price was not reasonable, and no evidence of knowledge on the
part of plaintiffs of their vendor's fraudulent intent or that he
was indebted for anything more than small accounts.

Appeal from Superior Court, King County.—Hon.
ORANGE JACOBS, Judge.   Affirmed.

Allen & Allen, for appellants.

Richard Osborn, for respondents.

PER CURIAM.—In March, 1899, one Vigfussen was a
retail merchant in Seattle, and made sale of his stock of
goods to the plaintiffs, who were merchants in the town of
Kent.   The sale between Berlin Bros. and Vigfussen had
been negotiated on Saturday.   A bill of sale was executed
on Sunday, and an inventory of the goods taken on that
day, and they were packed and delivered to the railway
company for delivery to Berlin Bros. at Kent.   On Mon-
day forenoon appellants, Fischer Bros., Lilly, Bogardus
& Co., and Hansen, who were creditors of Vigfussen, levied
writs of attachment upon the goods so packed.   Thereupon
the respondents filed their affidavit claiming the goods.   At

30—25 WASH.

the conclusion of the trial the court withdrew the case from the consideration of the jury, upon plaintiffs' challenge to the sufficiency of the evidence, and entered judgment for the plaintiffs.

We have examined the evidence, and it appears without contradiction that respondents paid in cash sixty per cent. of the invoice price of the goods sold to them; that the amount paid was $477.25, which was paid on Monday morning after the delivery of the goods to respondents. There was no evidence offered tending to show that the price paid was not a reasonable one. There is no evidence tending to show that respondents had knowledge that Vigfussen was indebted considerably, or that he owed anything more than small accounts. In fact, there is no tangible evidence of any knowledge on the part of respondents of any fraudulent intention upon the part of Vigfussen, though the haste of the sale and delivery of the goods give rise to suspicion. The only defense offered was that of a fraudulent sale.

We cannot see any error in the court's conclusion, and the judgment is affirmed.