SCHILLING, RESPONDENT, *v.* CURRAN, SHERIFF, APPELLANT; RYMAN, INTERVENER AND APPELLANT.

(Nos. 1,836, 1,837.)

(Submitted March 24, 1904.  Decided May 16, 1904.)

*Bankruptcy—Fraudulent Transfers—Bona Fide Purchasers— Good Faith—Present Consideration—Insolvency of Debtor— Presumptions—Findings — Appeal—Specification of Errors —Insufficiency of Evidence—Errors of Law—Sufficiency of Specification—Briefs—Trial—Order of Testimony—Discretion of Trial Court—Reopening of Case—Offers to Prove.*

1.  Under Code of Civil Procedure, Section 1173, a specification in the statement that the court erred in making a certain finding, "there being insufficient evidence to justify said finding, and the evidence being insufficient to support the same, and said finding is contrary to the evidence, and wholly unsupported thereby," is not a proper specification of the insufficiency of the evidence.

2.  Where the notice of intention to move for a new trial bases the motion on the ground of insufficiency of the evidence to support certain findings, the movant cannot, on appeal, change his position, and claim that the making of the findings was an error at law.

3.  Under Code of Civil Procedure, Section 1173, a specification in the statement that the court erred in making a certain finding of fact, "there being insufficient evidence to justify said finding, and the evidence being insufficient to support the same, and said finding is contrary to the evidence and wholly unsupported thereby," is insufficient to charge error in law.

4.  Under Code of Civil Procedure, Section 1173, a statement which does not specify the insufficiency of the evidence as a ground of the motion must, at least so far as the insufficiency of the evidence is concerned, be disregarded.

5.  Under Code of Civil Procedure, Section 1114, requests for findings made after the filing of the findings and conclusions of law are presented too late, and the want of such findings cannot be made a ground for reversal.

6.  Under Bankruptcy Act of July 1, 1898, a sale by a bankrupt, though made to hinder and defraud creditors, is not void as against a purchaser who did not participate in the fraudulent act of the bankrupt, or have knowledge of such intent or of the bankrupt's insolvency, and who bought not for a cancellation of an antecedent debt or a payment of a merely nominal price, but one which, under the circumstances, was present and fair.

7.  Under Bankruptcy Act of July. 1, 1898, the insolvency of a debtor, to avoid a transfer, must be one existing at the date thereof, and not one arising thereafter.

8.  In proceedings by a trustee in bankruptcy to recover property of the bankrupt sold within four months prior to the filing of the petition, where the pleadings contained no allegation of insolvency at the date of the transfer of the property, and the record did not disclose any facts tending to show the same, the supreme court will presume that on the date of the transfer the debtor, subsequently adjudged a bankrupt, was solvent.

9.  Where, at the time of a sale of property, debtors were presumably solvent, and a person, in good faith and for a valuable consideration, purchased certain property of them, and possession was turned over to him, as required by the state statutes, the sale was not null and void as against the creditors of the debtors by the laws of the state; and hence the property could not be recovered under Bankruptcy Act of July 1, 1898, for the benefit of the debtors' creditors, on the debtors being subsequently adjudged bankrupt.

10. In proceedings by a trustee in bankruptcy, to recover property sold by the bankrupt within four months prior to the filing. of the petition, where the court found that the property was purchased in good faith, without any intent to hinder, delay or defraud creditors of the bankrupt, the purchaser paying therefor in cash a certain sum, and found, as a conclusion of law, that he was a *bona fide* purchaser for a present fair consideration, a further finding of fact as to whether the purchase was made for a present fair consideration was unnecessary.

11. In proceedings by a trustee in bankruptcy to recover property sold by the bankrupt within four months prior to the filing of the petition, a finding of fact as to whether the property was sold within four months preceding the date of the adjudication in bankruptcy was unnecessary, where it was undisputed on the trial that the sale was made on June 2d, and that the adjudication was made on July 18th of the same year.

12. An offer to prove is not sufficient, without having the witness present and calling him, or asking leave to call him, or without affirmatively showing that the offer is made in good faith, and with the means of doing or trying to do what is desired.

13. The reopening of a party's case, after he has closed it, for the purpose of admitting further testimony, is in the discretion of the court below, and will not be disturbed on appeal unless abuse of discretion is shown.

14. Where counsel for defendant had, in his case in chief, introduced evidence bearing on the connection of plaintiff with the fraudulent acts of a debtor, it was his duty to have completed his showing in that regard before he closed his case, and it was proper to refuse to allow him to reopen it for the purpose of introducing further evidence on that subject.

15. The mere fact that an objection made to an offer of proof is not good does not prevent the court from exercising its discretion and refusing to allow the offered proof.

16. In proceedings by a trustee in bankruptcy to recover from the purchaser property sold by the bankrupt within four months prior to the filing of the petition, testimony that the bankrupt secreted the money he received from the sale for the purpose of defrauding his creditors, being in reference to a transaction occurring after the sale, and payment of the money, in which it was not claimed that the purchaser participated, was not competent for the purpose of showing any participation by him in the fraudulent intent of the bankrupt, or that he had knowledge of such fraudulent intent at the time of the sale.

17. Where a finding on the value of property in dispute was made, and not objected to, and the sufficiency of the evidence is not brought before the supreme court for consideration, that court will presume that the finding was sustained by the evidence, and will not consider a contention that the judgment is excessive.

18. Under the Rules of the Supreme Court, errors not specified in the brief will not be considered.

*Appeal from District Court, Missoula County; F. C. Webster, Judge.*

Action by E. W. Schilling against D. T. Curran, as sheriff of Missoula county; J. H. T. Ryman, trustee in bankruptcy, interevener. From a judgment for plaintiff, and from orders denying a new trial, defendant and intervener separately appeal. Affirmed.

*Mr. A. L. Duncan, Messrs. Nolan & Loeb, Mr. Joseph M. Dixon, and Mr. Frank Woody,* for Appellants.

*Messrs. Joyce & Mulroney, Messrs. Hall & Patterson, Mr. S. G. Murray,* and *Mr. Charles H. Hall,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court.

Respondent claims that he purchased certain personal property, goods, wares and merchandise, from the firm of Pulley & Ludwick on June 2, 1900, for $950 cash, and took possession of the same; that on June 4, 1900, appellant Curran, as sheriff of Missoula county, levied upon and took into his possession all of said property.

On June 21, 1900, respondent brought suit against the sheriff to recover the possession of said personal property. It appears from the answer of the sheriff that on July 18, 1900, Pulley & Ludwick were, upon the application of some of their creditors, declared bankrupt by the United States district court for the district of Montana; that on the 8th day of August, 1900, one J. H. T. Ryman was duly appointed trustee in bankruptcy of the estate of Pulley & Ludwick, and qualified as such; that soon thereafter he demanded of the sheriff all of the personal property, goods, wares and merchandise which he had taken from plaintiff; that the sheriff complied with this demand early in September, 1900; that a writ of attachment was issued against the property of Pulley & Ludwick, in a suit instituted against them by the Western Montana National Bank of Missoula, to recover the sum of $1,099.68, exclusive of interest. Curran, the sheriff, claimed justification for the seizure of the goods by virtue of a levy thereon under such writ of attachment as the property of Pulley & Ludwick. To this answer respondent filed a reply on April 13, 1901, admitting the allegation that Pulley & Ludwick were partners, and denying all the other allegations. On March 22, 1901, Ryman, as trustee in bankruptcy, by leave of the lower court, filed his complaint in intervention in this suit; claiming, as such trustee, all the property seized by the sheriff, as above stated. On September 11, 1901, respondent filed his answer to this complaint of intervention; denying practically all the allegations thereof, except that Pulley & Ludwick were partners.

The case was tried upon these pleadings by the court without a jury, and resulted in a judgment in favor of respondent against Curran, the sheriff, for $247.55 damages for detention

of the property, $47.60 costs, and return of the property, and, in case return could not be had, the sum of $1,805.55, the value thereof.

The court, prior to the entry of this judgment, made and filed thirteen findings of fact, and four conclusions of law, which findings, in substance, in so far as they are important upon these appeals, are as follows: (1) That Pulley & Ludwick were partners in the mercantile business at Missoula on the 2d day of June, 1900. (2) That on that day respondent purchased of said Pulley & Ludwick the merchandise for which he brought suit. (3) That he took possession of the same. (4) That he also purchased some store fixtures, and took possession of the same. (5) That this property so purchased by him, together with some property of his own, was of the value of $1,805.55. (6) That on June 4, 1900, the sheriff attached, and took from the possession of the respondent, all such property. (7) That the writ of attachment under which the sheriff acted was directed against the property of Pulley & Ludwick, and not against the property of respondent. (8) That upon the 18th day of July, 1900, Pulley & Ludwick were adjudged bankrupts, and that on August 8, 1900, Ryman was appointed as trustee in bankruptcy, and duly qualified as such. (9) That, as such trustee, Ryman demanded of the sheriff the merchandise so taken from respondent, which was thereupon delivered to said trustee, and that thereafter the trustee filed his complaint in intervention, claiming the property in the suit to be the property of the bankrupt estate. (10) That the property seized by appellant was not the property of the bankrupt estate of the firm of Pulley & Ludwick, but was the property of respondent. (11) That respondent and Pulley & Ludwick at the time of the sale stood on equal footing, and no confidential relations existed between them. (12) That the purchase by respondent was made in good faith, and without any intent to hinder, delay or defraud the creditors of Pulley & Ludwick, or any of them. (13) That respondent purchased the said merchandise and personal property in good faith, paying therefor in cash the sum of $950.

The conclusions of law based upon these findings of fact were: (1) That the respondent herein was the owner of all the property taken by the defendant (appellant) under the writ of attachment against Pulley & Ludwick, and was entitled to have the property returned to him, or, in the event it could not be returned, to receive the sum of $1,805.55, with interest thereon from the 4th day of June, 1900. (2) That the court has jurisdiction to entertain an action or defense by a trustee in bankruptcy, and that a trustee in bankruptcy has the legal right to file his complaint in intervention. (3) That respondent was a *bona fide* purchaser in good faith, for a present fair consideration, of the stock of merchandise and personal property purchased of said firm of Pulley & Ludwick. (4) That the costs of the action should be paid by defendant.

After these findings and conclusions were filed, defendant, Curran, and intervener, Ryman, jointly filed exceptions to certain thereof. They also filed requests for further findings of fact, which are hereinafter quoted. These exceptions were only directed to the sufficiency of the evidence to support the findings. The court thereafter overruled the exceptions, and refused to make the further findings requested. No findings were requested by either party at the time of the argument and submission of the case.

Defendant Curran and the intervener each made separate motions for a new trial, which were denied, and each appealed from the order denying them. They also separately appealed from the judgment, and filed in this court separate records and briefs upon such appeals. The appeals are numbered 1,836 and 1,837. The cases were argued and submitted together, and will be decided together; following the practice in *Murray* v. *Polglase,* 23 Mont. 401, 59 Pac. 439.

Counsel for respondent objects to a consideration of the questions sought to be raised as to the insufficiency of the evidence to sustain the findings, because the record does not disclose that it contains all the evidence. It is very questionable, under the decisions of this court in the case of *State* v. *Shepphard,* 23

Mont. 323, 58 Pac. 868, and subsequent cases, as to whether this objection is not well taken; but, inasmuch as the statement and record must, for other reasons, be disregarded in so far as the insufficiency of the evidence is concerned, we have not considered, and do not pass upon, this question.

Section 1173, Code of Civil Procedure, provides: "When the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates as the ground of the motion errors in law, occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made the statements shall be disregarded on the hearing of the motion."

The statements on motion for new trial do not contain any specifications of the insufficiency of the evidence, as required under the above section. We find, however, in such statements, the following: "Assignment of Errors. (1) The court erred in making finding of fact No. 2, made and filed in said cause, there being insufficient evidence to justify said finding, and the evidence being insufficient to support the same; and said finding No. 2 is contrary to the evidence, and wholly unsupported thereby." Counsel then recite the evidence bearing upon finding No. 2. The second, third, fourth and fifth points urged are identical with the language above quoted. No one of these can possibly be construed into a specification of the insufficiency of the evidence. Insufficiency of the evidence is an error of fact. Here the errors were attempted to be charged as errors of law. Practically the same specifications are found in the record in the case of *Bardwell* v. *Anderson,* 18 Mont. 528, 46 Pac. 443, and they were held to be insufficient. The same doctrine is held under statutes similar to ours in the following cases: *Smith* v. *Christian,* 47 Cal. 18; *Cunnington* v. *Scott,* 4 Utah, 446, 11 Pac. 578; *State of Utah* v. *Spencer,* 15 Utah, 149, 49

Pac. 302; *Heilbron* v. *Irrigation Ditch Co.,* 76 Cal. 8, 17 Pac. 932.

The notices of intention to move for new trial, contained in the record, base the motions for new trial upon the ground of insufficiency of the evidence to support findings Nos. 2, 10, 11, 12 and 13, and do not allege any error at law on the part of the court in making these findings. Counsel cannot change his position, and now claim that the making of these findings is an error at law. Under *Bardwell* v. *Anderson, supra,* such specifications are also insufficient to charge errors of law.

Under Section 1173, *supra,* the court below should have disregarded the statements on motion for new trial in so far, at least, as the insufficiency of the evidence was concerned. It is also clear that the same must be disregarded here. This court has said: "The specifications having wholly failed to point out any particulars in which the evidence is insufficient to support the verdict, we are bound, by the terms of Section 1173, above, to disregard them on this hearing." *Cain* v. *Gold Mountain Mining Co.,* 27 Mont. 529, 71 Pac. 1004.)

Counsel for appellant insists that the court did not make findings upon all the material issues raised by the pleadings, but refused to make findings thereon, although requested so to do by appellants. The record discloses that the only requests for findings by appellant were made after the findings and conclusions of law made by the court were filed with the clerk. Section 1114, Code of Civil Procedure, provides: "No judgment shall be reversed on appeal for want of findings at the instance of any party who, at the close of the evidence and argument in the cause, shall not have requested findings in writing and had such request entered in the minutes of the court."

Appellants' requests were presented too late, and the judgment cannot be reversed by this court for want of findings.

But again, an examination of the record discloses that, of the three findings requested by appellant, one was upon an immaterial issue. Upon the others, findings were made in effect.

The first request of appellant was as follows: "Request a finding of fact on the issue as to whether or not Pulley & Ludwick were indebted to divers and sundry persons at the time of the alleged sale of the merchandise and personal property by them to the plaintiff, and whether or not said sale was made by Pulley & Ludwick with the intent and purpose in them (Pulley & Ludwick) to hinder, delay or defraud their creditors, or any of them." The finding of fact herein requested was not material to the decision as made by the court. It might have been material as a step in the conclusion of the court, if the court had found that the respondent herein participated in the fraudulent intent of Pulley & Ludwick, or had knowledge thereof, and was not a purchaser in good faith for a present fair consideration.

Subdivision "e" of Section 67 of the Bankrupt Act of July 1, 1898, c. 541, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), reads as follows: "That all conveyances, transfers, assignments or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this Act subsequent to the passage of this Act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration. * * * And all conveyances, transfers or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory or district in which such property is situate, shall be deemed null and void under this Act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt." Under the first part of Subdivision "e" a sale by the bankrupt is not null and void as against purchasers in good faith and for a present

fair consideration. A purchaser in good faith must be one who did not participate in the fraudulent intent or act of the bankrupt in making the sale, or have knowledge of such intent. If he had knowledge of the insolvency of the bankrupt, and bought the property with the intention and for the purpose of aiding the bankrupt in defrauding creditors, he would not be a purchaser in good faith. He must also be a purchaser "for a present fair consideration." For example, if the purchaser took the property in payment of an antecedent debt, he would not be a purchaser for a present fair consideration. If he paid but a nominal sum for property of great value, he would not be a purchaser for a present fair consideration; but the meaning of the words "present fair consideration" must be determined from all the facts and conditions surrounding the purchase, and, if the price was paid in cash, and an amount equal to the fair value of the goods, under all the circumstances, the consideration would be present and fair.

Under the last above quoted part of Subdivision "e," the bankrupt must be insolvent. We find no allegation of insolvency of Pulley & Ludwick in any of the pleadings in this case. So far as the pleadings are concerned, Pulley & Ludwick might have been entirely solvent on the 2d day of June, 1900, the date of the sale, and might have had sufficient funds on hand and in their possession to pay every dollar of their indebtedness. Insolvency must exist at the date of the purchase, and not arise thereafter. Of course, we understand that Pulley & Ludwick were adjudged insolvent on the 18th day of July, when they were declared bankrupt; but, without allegations in the pleadings and proof in the record that this insolvency existed at the date of the sale, no presumption can be indulged that such was the fact. The pleadings being barren of any allegation of such insolvency, and the record not disclosing any facts tending to show the same, this court must presume, for the purposes of this case, that on the 2d day of June, 1900, the date of the sale, Pulley & Ludwick were solvent. If they were then solvent, and appellant, in good faith and for a valuable consideration, pur-

chased the property in question, and the possession of the same was turned over to him as required by the statute of the state, such sale would not be null and void, as against the creditors of Pulley & Ludwick, by the laws of the state in which the property was situated. So that the mere fact that Pulley & Ludwick intended by the sale in question to hinder, delay and defraud their creditors, or any of them, is entirely immaterial, under the findings and conclusions of the court, as the court found that respondent was a *bona fide* purchaser for a present fair consideration. (*Grunsky* v. *Parlin,* 110 Cal. 179, 42 Pac. 575; *Jackson* v. *Glaze,* 3 Okl. 143, 41 Pac. 79; *La Clef* v. *Campbell,* 3 Kan. App. 756, 45 Pac. 461; *Berlin* v. *Van De Vanter,* 25 Wash. 465, 65 Pac. 756; *Magee* v. *Hartzell,* 7 Kan. App. 489, 54 Pac. 129; *Hood* v. *Gibson,* 8 Kan. App. 588, 56 Pac. 148.)

The second request for finding was as follows: "Request a finding of fact as to whether or not the purchase of said goods, wares and merchandise was made by the plaintiff from said firm of Pulley & Ludwick for a present fair consideration." We think the findings of the court, as made, are conclusive upon this proposition. By finding 12 the court found that the purchase was made in good faith, without any intent to hinder, delay or defraud creditors of Pulley & Ludwick, or any of them. By finding 13 it is declared that respondent purchased the property in good faith, paying therefor in cash the sum of $950. The court, having found that respondent purchased the property in good faith, and without any intent to hinder, delay or defraud the creditors of Pulley & Ludwick, found, as a conclusion of law, that respondent was "a *bona fide* purchaser in good faith for a present fair consideration."

The third request for further finding was as follows: "Request a finding of fact as to whether or not the merchandise and personal property sold by Pulley & Ludwick to the plaintiff was made within four months immediately preceding the date on which Pulley & Ludwick were adjudged bankrupts, and whether or not such sale was made with the intent and purpose

in said Pulley & Ludwick to hinder, delay or defraud their creditors, or some of them." An examination of the record discloses the fact that the court found that the sale to respondent was made on the 2d day of June, 1900, and that on the 18th day of July, 1900, Pulley & Ludwick were adjudged bankrupts. As a matter of fact, no finding need to have been made upon this proposition, because it was undisputed on the trial of the case that the sale was made on the 2d day of June, and that Pulley & Ludwick were adjudged bankrupt on the 18th day of July, 1900.

Counsel for appellant Curran further assigns as error the refusal of the court to permit him, after he had closed his case, and the intervener had commenced the introduction of his testimony, to reopen it, and "go into the question of fraud, and now makes formal offer to prove that E. W. Schilling (respondent) knew of this fraudulent transaction; that he did not buy for a fair consideration." This offer was properly denied. An offer to prove is not sufficient, "without having the witness present and calling him, or asking leave to call him, or without affirmatively showing that the offer is made in good faith, and with the means of doing or trying to do what is desired." (*State* v. *Bowser,* 21 Mont. 133, 53 Pac. 179; *Eschbach* v. *Hurtt,* 47 Md. 61; *Robinson* v. *State,* 1 Lea. 673.)

The reopening of a party's case, after he has closed it, for the purpose of admitting further testimony, is in the discretion of the court below, which has charge of the proceedings on the trial. (*Alderson* v. *Marshall,* 7 Mont. 288, 16 Pac. 576.) The ruling of the court on such matters will not be disturbed by this court unless there is a clear abuse of discretion. As above stated, the defendant had closed his case, and the intervener had commenced the introduction of his testimony, when counsel for defendant interrupted the proceedings, and made the offer above specified. Defendant's counsel did not again call this matter to the attention of the court after the close of intervener's testimony, or after the close of all testimony offered in the case. Again, an examination of the record discloses the fact

that counsel for defendant had already, in his case in chief, introduced evidence bearing upon the connection of Schilling with the alleged fraudulent action of Pulley & Ludwick, and it was his duty to have completed his showing in that regard before he closed his case. It would be very easy for counsel to inject error in a record, if, after he had closed his testimony, he should offer to make proof in his client's favor as to some material issue in the case, well knowing his utter inability to make proof thereof, if he could be allowed to assign error upon the action of the court in overruling the offer. We do not believe that the court abused its discretion in refusing to allow defendant's case to be reopened. The mere fact that the objection made to the offer by defendant's counsel was not good did not prevent the court from exercising its discretion and refusing to allow the offered proof. We therefore are of the opinion that there was no error committed in this regard.

Counsel for Ryman, appellant, alleges error on the ruling of the court in sustaining the objection of counsel for plaintiff to the introduction of the evidence of certain witnesses to prove that Pulley & Ludwick, instead of paying the money received from respondent on this sale, secreted it in an outhouse on the premises where they resided, for the purpose of defrauding their creditors. We do not think any error was committed in this regard. It was in reference to a transaction occurring after the sale and payment of money, in which it is not claimed that the respondent participated. It was not competent for the purpose of showing any participation of the respondent in the fraudulent intent of Pulley & Ludwick, or that he had knowledge of such fraudulent intent at the time of the sale. It probably would have been admissible to the extent of showing the fraudulent intent of Pulley & Ludwick in making the sale, but, as we have heretofore seen, such intent would not be sufficient to set aside the sale.

Counsel for appellant Curran made quite an elaborate argument based upon the theory that the judgment is excessive, at least in the sum of $600. This point cannot be considered, for

the following reasons: Finding No. 5 made by the court is as follows: "That the said stock of merchandise and store furniture and personal property purchased by the plaintiff from the said firm of Pulley & Ludwick, together with the remnants of the other stock of merchandise, were and are of the value of one thousand eight hundred and five ($1,805.55) dollars and fifty-five cents." No exceptions or objections to this finding were made by counsel for defendant, but, on the contrary, they excepted to finding No. 13 on the ground, among others, that such a finding was inconsistent with this finding No. 5. The finding having been made by the court, and the sufficiency of the evidence not being before us for consideration, and the finding not being objected to in any manner by counsel for defendant, we must presume that it is sustained by the evidence. But again, paragraph "b," subd. 3, Rule X, of the rules of this court provides that the brief shall contain "a specification of errors relied upon, which shall be numbered and shall set out separately and particularly each error intended to be urged." An examination of the briefs discloses no specification of error in this regard. This court has frequently held that no errors will be considered unless specified in the brief. (*Anderson* v. *Cook*, 25 Mont. 330, 64 Pac. 873, 65 Pac. 113; *Sweeney* v. *Montana Central Ry. Co.*, 25 Mont. 543, 65 Pac. 912; *Hayes* v. *Union Merc. Co.*, 27 Mont. 264, 70 Pac. 975.) We therefore cannot enter into the consideration of this question.

We are satisfied that the findings of the court were full and effective upon all material issues raised by the pleadings in the case, and that the conclusions of law as made by the court, and the judgment as entered by him, are fully sustained by the findings.

We therefore advise that the judgment and orders appealed from be affirmed.

Per Curiam.—For the reasons stated in the foregoing opinion, the judgments and orders are affirmed.