JUBY, RESPONDENT, *v.* CRADDOCK ET AL., APPELLANTS.

(No. 4,062.)

(Submitted November 15, 1919.   Decided December 8, 1919.)

[185 Pac. 771.]

*Mortgages—Foreclosure—Promissory Notes — Fraud—Pleading · Insufficiency—Offer of Proof—Proper Rejection.*

Mortgages—Foreclosure—Promissory Notes—Fraud—Insufficient Pleading.

1.   An answer in an action on a promissory note, to the effect that at the time the note and the mortgage securing it, were executed and delivered, the mortgagee made certain false representations which operated as an inducement to defendants to execute the documents and without which they would not have been executed, was insufficient to allege fraud.

Fraud—Pleading—Necessary Allegations.

2.   To charge fraud, the pleading must allege that the guilty party made a false representation, intending that the defrauded one should

act upon it, and that the latter believed and acted upon it to his damage.

[As to necessity and sufficiency of allegation of scienter in action for false representations, see note in 16 **Ann. Cas.** 646.]

Same—Trial Practice—Offer of Proof—Proper Rejection.
3. Defendants' allegation of fraud having been insufficient, an offer of proof in support of it was irrelevant and properly rejected.

Trial Practice—Offer of Proof—Rejection—When Proper.
4. Where an offer of proof contains relevant and irrelevant matter, the court may exclude the entire offer, it not being its duty to separate the admissible from the inadmissible evidence.

Same—Duty of Party Making Offer of Proof.
5. The party making an offer of proof must be prepared to show that he has the means of proving, or attempt to prove, the facts recited in it, or must make an affirmative showing that the offer is made in good faith.

Same—Contents—Conclusions Insufficient.
6. An offer of proof must contain the facts necessary to sustain the contention in support of which it is made; a statement of conclusions being insufficient.

*Appeal from District Court of Ravalli County; R. Lee Mc-Culloch, Judge.*

Action by Amanda C. Juby against H. E. Craddock and Bernice Craddock. From a judgment for plaintiff, defendants appeal. Affirmed.

*Messrs. Wagner & Taylor,* for Appellant, submitted a brief; *Mr. J. D. Taylor* argued the cause orally.

*Mr. E. C. Kurtz* and *Mr. H. C. Packer,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover upon a promissory note and to foreclose a mortgage given to secure the payment of it.

The complaint sets forth a copy of the note and certain provisions of the mortgage for the breach of which the owner and holder of the note was authorized to commence action thereon prior to the due date mentioned in the note; alleges the execution of the note and mortgage by the defendants to the Charlos Heights Orchard Company, the assignment of them to plain-

tiff, the breach of the conditions, and concludes with the usual prayer. The answer admits the execution and delivery of the note and mortgage, their assignment to plaintiff and the breach of certain conditions in the mortgage, and, by way of special defense, undertakes to plead a failure of consideration.

Upon trial, plaintiff made formal proof of her ownership of the note and mortgage, and introduced the note with the indorsements thereon in evidence. Defendants then offered in evidence the mortgage, to which plaintiff objected, and before the objection was ruled upon they made an offer to prove that the note and mortgage were executed and delivered as part payment of the purchase price of the land described in the mortgage; that when the note and mortgage were executed, certain representations were made by the mortgagee (Orchard Company) to the defendants, which operated as inducements to them to execute the documents and without which they would not have been executed, and that such representations were false; that contemporaneously with the execution and delivery of the note and mortgage there was executed an instrument in writing by the terms of which the mortgagee agreed to plant the land to apple trees and care for, cultivate and irrigate the same for five years, and to convey a certain, definite water right for the irrigation of the land, and that "each and all of these contracts were broken by the mortgagee" before the assignment to plaintiff. Upon objection by plaintiff, this offer was rejected and, defendants having rested, the cause was withdrawn from the jury and a judgment in favor of plaintiff rendered and entered. From that judgment defendants appealed.

Counsel devote much of their briefs to a discussion of the proposition: Is the note involved negotiable? But this argument is beside the question. For the purpose of this appeal it may be conceded that the note is non-negotiable and that defendants may interpose any defense which they could have interposed to a suit by the original payee; still, if they did not

prove or offer to prove any defense, the judgment must be sustained.

1. There are allegations in the answer to the effect that at [1] the time the note and mortgage were executed and delivered, certain representations were made by the mortgagee, which operated as an inducement to defendants to execute the documents and without which they would not have been executed, and that these representations were false. The only purpose of these allegations was to show fraud, and that they are not sufficient for that purpose is too well settled to admit of argument. In *Buhler* v. *Loftus,* 53 Mont. 546, 555, 165 Pac. 601, 604, this court announced the rule recognized by all the [2] authorities, as follows: "In order to make out a case of fraud, the pleading must allege facts embodying the following essential elements: (1) That the defendant made a representation or statement, intending that plaintiff should act upon it; (2) that the representation was false; (3) that the plaintiff believed it; and (4) that he acted upon it to his damage."

2. If we assume, without deciding, that the allegations of the answer are sufficient to disclose failure of consideration, still the ruling of the court was correct for the following reasons:

(a) Since defendants had failed to plead fraud, their [3, 4] offered evidence in support of the allegation that false representations were made was altogether irrelevant, and, the offer having been made as an entirety and containing, as it did, this irrelevant matter, the court was justified in excluding the entire offer. In other words, it was not the duty of the court to separate the admissible from the inadmissible evidence. (*Farleigh* v. *Kelley,* 28 Mont. 421, 434, 63 L. R. A. 319, 72 Pac. 756; *Bair* v. *Struck,* 29 Mont. 45, 54, 63 L. R. A. 481, 74 Pac. 69; *Frederick* v. *Hale,* 42 Mont. 153, 164, 112 Pac. 70.)

(b) Defendants did not call or offer to call any witness by [5] whom the facts detailed in the offer could be proved; neither was any showing made that the offer was in good faith or that defendants had the means of proving, or attempting to prove, the facts recited. In *Schilling* v. *Curran,* 30 Mont.

370, 381, 76 Pac. 998, 1002, this court said: "An offer to prove is not sufficient without having the witness present and calling him, or asking leave to call him or without affirmatively showing that the offer is made in good faith and with the means of doing or trying to do what is desired."

(c) The offer did not contain a statement of the facts [6] which it was necessary for defendants to prove in order to make out the defense of failure of consideration, *viz.*, a breach of the conditions contained in the contracts by which the Orchard Company covenanted to do certain specified things. It was not sufficient to offer to prove that "each and all of these contracts were broken by the mortgagee." It was necessary to state the facts showing the delinquencies, which defendants claimed constituted a breach, in order that the court might determine whether such delinquencies in fact amounted to a breach of the agreements. (*Palmer* v. *McMaster,* 10 Mont. 390, 396, 25 Pac. 1056.)

The offered evidence did not prove or tend to prove any defense, and for this reason the ruling excluding it was justified.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.