[No. 28135. Department One. December 24, 1941.]

THE STATE OF WASHINGTON, *Appellant,* v. FRANK P. WILLIAMS *et al., Defendants,* ROSE C. T. BERNHARD *et al., Respondents.*[1]

[1]Reported in 120 P. (2d) 502.

*The Attorney General, P. H. Winston,* and *L. C. Brodbeck, Assistants,* for appellant.

*Eli M. Paulson,* for respondents.

DRIVER, J.—This appeal involves the same condemnation proceedings as *State v. Williams* (No. 28134), reported *ante* p. 1. As Lucia Rose and her husband were the respondents in that case, for convenience, we shall hereinafter refer to it as the *Rose* case. The earlier opinion sets forth a full statement of facts, which we shall supplement here only to the extent necessary to present the circumstances peculiar to the case at bar. The *Rose* case was tried to a jury, and this case was later tried to the court. The state appealed from the judgment awarding compensation and damages to the landowners, Rose C. T. Bernhard and Arthur E. H. Bernhard, her husband.

Respondents' property, consisting of a lot with a dwelling and a garage, is situated on the easterly slope of Mount Baker ridge in the city of Seattle. The south bore of appellant's twin-bore highway tunnel passes under respondents' lot, underlying, approximately, its northerly 25 feet. The east end of the house is 230 feet west of the east tunnel portal, and the basement floor is about 41 feet above the top of the tunnel excavation. At the time of the trial on the question of damages, the tunnel excavation under respondents' land had been completed. (Previously, as stated in the opinion in the *Rose* case, the court had entered an order of possession and use, which authorized appellant to proceed with the construction.) At the trial, respondents and their witnesses testified that, following the construction of the tunnel, respondents' ground had slid and settled, permanently damaging the land and

18

the buildings. Two engineers, called by respondents as expert witnesses, stated that the damage had been caused by the excavation of the tunnel bore underneath the property.

Appellant's counsel made the following offer of proof:

"The petitioner offers in evidence in this case Petitioner's exhibits '23,' '24,' '25,' and '26,' as numbered in the case of the State of Washington vs. Lutia [Lucia] Rose, and consisting of Standard Specifications Amendment to Standard Specifications, Special Provisions, and map and plans, for the construction of Unit No. 2 Lake Washington Bridge Project and the Mt. Baker Ridge Tunnel.

"If the court please, the purpose for offering these exhibits and the testimony of the engineer, the engineer of the petitioner and the identification of the exhibits through his own independent testimony as Assistant Engineer of the Lake Washington Bridge is to show that all of those damages claimed by the respondents respectively by reason of movement or subsidence in the surface of the ground upon their properties were the proximate result of the negligence of the contractor, Bates & Rogers, in the construction, and specifically in the excavation of the east portal of such tunnel; and to further show by these exhibits and the testimony of Mr. Arnold, on behalf of petitioner, that the contractual relationship between the petitioner and the Washington Toll Bridge authority and said agency, is that the petitioner exercises no more control or supervision over the contractor than the right to exact from the contractor certain construction results, and by exhibits and evidence to show that the contractor, Bates & Rogers, is an independent contractor, and that the excavation as made by the contractor is a manner and method of procedure which, under the provisions of the contract, are entirely determined by the contractor himself, and are not under the control and supervision of the petitioner; that the contractor, in exercising a choice of methods, selected them by himself, without the control and supervision of the petitioner, and had made such excavation for

the portal of the tunnel in a negligent manner and in a manner not provided or controlled by the contract between the petitioner and the contract[or] and the Standard and Special Specifications made a part thereof; and that the negligence of the contractor in performing such excavation according to his own adoption of method and manner of procedure, and without the supervision or control of the petitioner, is the direct and proximate cause of any damage sustained by these respondents or either of them in the movement, settlement or subsidence of the surface of their property."

It will be noted that, while the offer of proof recited that the damage suffered by respondents was the proximate result of the negligence of the contractor in making the excavation for the east portal of the tunnel, it failed to specify in what respect the contractor was negligent. There was no offer to prove any particular negligent act or omission on the part of the contractor.

An offer of proof should be sufficiently definite and comprehensive fairly to advise the trial court as to whether or not it is admissible. A statement which is a mere conclusion is not sufficient. 4 Nichols Applied Evidence, p. 3356, §§ 16, 19; *Columbia Realty Investment Co. v. Alameda Land Co.,* 87 Ore. 277, 168 Pac. 64; *Juby v. Craddock,* 56 Mont. 556, 185 Pac. 771; *Godefroy v. Hupp,* 93 Wash. 371, 160 Pac. 1056, Ann. Cas. 1918E, 494.

In *Juby v. Craddock,* just cited, the supreme court of Montana held that the trial court properly rejected an offer to prove that " 'each and all of these contracts were broken by the mortgagee.' " The facts showing the delinquencies, which it was claimed constituted the breach, should have been stated, the court indicated. And in *Godefroy v. Hupp, supra,* this court held that an offer, with reference to certain corporate stock,

" 'to show the actual fact whether it is community property or separate property' " was so indefinite that its rejection was not erroneous.

In the case at bar, the conclusions with reference to the negligence of the contractor, in the offer of proof, must be disregarded as being too general and too indefinite. The offer, then, in legal effect, was that the work of constructing the tunnel was done by an independent contractor who was not subject to the direction or control of the state except as to the results to be accomplished; that, under the terms of the contract, it was the duty and the responsibility of the contractor to choose his own method of construction; that the contractor did select and follow his own construction method in the excavation of the east portal of the tunnel; and that any damage which the respondents sustained by reason of the movement and subsidence of their land was the direct result of such excavation.

Doubtless, as appellant's counsel point out in their brief, there are conceivable acts of negligence on the part of a contractor in the construction of a public work, under circumstances such as we have here, for which the state would not be liable, but no such acts are detailed in appellant's offer of proof. Taking a liberal view of the offer, it can not be construed to embody more than this: That the independent contractor, choosing the manner of making the excavation for the tunnel portal, as he was bound to do under the terms of the contract, selected some method, such as the cutting of the ground on the east side of the ridge at an excessively steep slope, which resulted in the removal of the lateral support to respondents' land; and that such result might have been avoided by the adoption of some other construction method. So regarded, the offer of proof would then be substantially the same as the offer in the *Rose* case. Every question which could be

raised here, on the basis of such an offer, has been considered and decided adversely to the state in that case.

Judgment affirmed.

ROBINSON, C. J., STEINERT, MAIN, and BLAKE, JJ., concur.

[1]Reported in 120 P. (2d) 539.