THE REPUBLICAN VALLEY RAILROAD COMPANY, PLAIN-
TIFF IN ERROR, V. ANDREW FELLERS, DEFENDANT
IN ERROR.

1. **Railroads:** RIGHT OF WAY: DAMAGES. The sale of a lot or
parcel of ground to a railroad company for right of way pur-
poses, and the receipt of the consideration therefor, does not
estop the owner from claiming damages to other remote and de-
tached real estate injuriously affected by the construction of
such railroad; and such sale will not be held to be a full satis-
faction of all damages to other property unless such was the in-
tention of the parties at the time of making the contract.

2. ———: ACTION FOR DAMAGES TO REAL ESTATE. Where real
estate is damaged by the construction of a railroad, but no part
thereof is appropriated to the use of such road, an action at law
for such damages may be maintained.

3. **Instructions.** Where it is claimed that instructions given to
a jury were too general, and where a more explicit charge was
not requested, the objection cannot be entertained.

ERROR to the district court for Pawnee county. Tried
below before DAVIDSON, J.

*T. M. Marquett* and *J. W. Deweese*, for plaintiff in error.

1. Statute is exclusive and action does not lie: *Calkin
v. Baldwin*, 4 Wend., 667. *Null v. Whitewater Valley Co.*,
4 Ind., 431. *Daniels v. The C., I. & N. R. R.*, 41 Iowa,
53. S. C., 35 Iowa, 38. 1 Redfield on Railways, 334, 293.
Pierce Am. Ry. Law, 230. *Mason v. K. & P. Ry. Co.*, 31
Me., 215. *Aldrich v. C. R. R. Co.*, 1 Am. Ry. Cases, 206.
*Lindell v. H. & St. Joe R. R.*, 36 Mo., 543. Mills on Em-
inent Domain, §§ 88, 89.

2. Damages too remote: Mills, § 167. *R. R. v. Hall*,
90 Ill., 43. 33 Penn. State, 426. 84 Ind., 502. 9 Met.,
553. 1 Redfield Cases, 191, 279, and note 283.

*G. M. Humphrey*, for defendant in error, cited cases re-

ferred to in opinion, and *Rigney v. Chicago*, 102 Ill., 64. *McCarthy v. Board*, 7 Eng. and Irish Appeals, L. R., 243. *Johnson v. City of Parkersburg*, 16 W. V., 402.    *City of Elgin v. Eaton*, 83 Ills., 535. Sedg. State and Const. Law, 92. *Clark v. Brown*, 18 Wend., 220.    *Tapley v. Forbes*, 2 Allen, 24.    *Knowlton v. Ackley*, 8 Cush., 97.    *Sears v. R. R. Co.*, 46 Me., 114.    *Ashby v. White*, 2 Ld. Raym., 953. Broom's Maxims, 149.

REESE, J.

This is an action for damages alleged to have been sustained by the defendant in error by reason of the construction of a railroad track near his real estate in the village of Table Rock, in Pawnee county.    The petition alleges substantially that in the years 1881 and 1882 the plaintiff in error constructed what is known as a "Y" through the business portion of said village, and by which the property of the plaintiff was entirely enclosed, and that the new track, which connected the main lines of the A. & N. R. R. and R. V. R. R., was built with a grade or embankment so high and so close to lots two and three in block 17, in said village, and so obstructing the street in front thereof as to render the lots and the buildings thereon totally unfit for business purposes, by which he was damaged in the sum of $500.

The plaintiff in error filed its answer, pleading first, a general denial of all the allegations of the petition except the allegation that it was a corporation; and secondly, alleging as a defense that in the fall of 1881 the plaintiff desired to construct its line of road over certain lands and parcels of ground near the village of Table Rock, and was proceeding to condemn and purchase the right of way for their track.    That among other owners of lands and lots from whom the right of way was needed was the defendant in error, who owned three several parcels of ground known

as lots two, three, and six in said block. That said lots two and three lay side by side, and were separated from lot six by two other parcels known as lots four and five, owned by other parties. That plaintiff in error purchased of the defendant in error the right to build and locate its line of road over a portion of lot six, and the parties agreed upon a price therefor and the same was paid by the plaintiff in error to the defendant in error, who accepted the same and conveyed said lot six to the plaintiff in error, and that the track and grade of the plaintiff in error were constructed on the right of way thus acquired. The answer further alleges that "the plaintiff has no cause of action against defendant, and that plaintiff is estopped from claiming any damage to said lots two and three in said block by reason of said location and construction of said grade and track."

To this count of the answer the defendant in error filed a general demurrer, which was sustained by the district court, to which ruling the plaintiff in error excepted, and now assigns said decision as error. The question thus presented is, whether or not the sale of lot six to the plaintiff in error for the use of its road must be taken and held as a full settlement of all damages sustained by the defendant in error by reason of the construction of the track and grade, so long as they were properly constructed and used. It is claimed by the plaintiff in error that as the defendant in error has for 'a consideration granted the right of way over a detached portion of his grounds, this must be taken as a full satisfaction of all claims for damages to the remainder. It is shown by the answer of plaintiff in error that lot six was purchased by the plaintiff in error and transferred to it by the necessary conveyance, therefore the plaintiff in error may apply the property to any use desired, whether for right of way purposes or not, and there is no suggestion that in the purchase of this lot any other element entered into the consideration paid than the value of the lot.

It is quite clear to us that this sale cannot work an estoppel as to the right of the defendant in error to claim any damages he may have sustained as to any other property not adjacent to or in any way connected with the property so sold and conveyed.   Such a rule would be inequitable, and in many instances work great hardship and oppression. Had the general question of the damages sustained by defendant in error been considered in this contract of purchase, and a consideration based thereon paid, there would be some reason for the application of this rule, if such exists.   We think the decision of the district court in sustaining the demurrer to the second count of the answer of the plaintiff in error was correct.

It is claimed by the plaintiff in error that the district court had no jurisdiction to hear and determine this cause; that if the defendant in error had suffered any damage the remedy provided by the statute is exclusive, and that appraisers should have been called under the provisions of section 95 *et seq.*, chap. 16 of the Compiled Statutes.   Section 95 provides that when the damages to be paid by a corporation for real estate "taken as aforesaid," when not agreed upon, shall be ascertained by commissioners appointed for that purpose; and section 96 refers to real estate "taken" by such corporation; and section 97 provides that: "If the owner of any real estate *over* which said railroad corporation may desire to locate their road shall refuse to grant the right of way through his or her premises," the county judge may appoint commissioners to ascertain and report "the damage which said owner will sustain by the appropriation of his land to the use of said railroad corporation," etc.

It will be seen by the provisions of this act that this remedy is given only when the real estate is "*taken*" or "*appropriated*" by the railroad company.

This question is virtually settled in favor of the right to maintain this action in the case of *Gottschalk v. C., B. &*

*Q. R. R.*, decided by this court and reported in 14 Neb., page 550, and *B. & M. R. R. v. Reinhackle*, 15 Id., 279.

The right of a party to maintain an action in cases of this kind is also fully established by those decisions, and indeed we think this case falls within the rule laid down by both the opinions written in *Gottschalk v. C. B. & Q. R. R., supra.*

The railroad of the plaintiff in error crosses the street diagonally nearly in front of the lots and place of business of plaintiff in error, with a grade of from four to four and a half feet high, the base of which reaches to within a short distance of the front of his lots, enclosing it within the tracks of the "Y," and rendering it entirely worthless so far as its use as a place of business is concerned, and almost inaccessible to the public. The rule laid down by the majority of this court in *Gottschalk v. C. B. & Q. R. R.* is, in our opinion, the correct one, and in full accord with the letter and spirit of the constitution of the state, and correctly states the law.

It is claimed that the instructions given to the jury by the court "are all of a general character, and simply leave the question to the jury to say whether the plaintiff's lots were damaged by the location of the road." Without passing upon the question of the instructions, it is sufficient to say that "where a more explicit charge was not requested" this objection cannot be entertained. *Sioux City, &c., R. R. Co. v. Brown*, 13 Neb., 317.

On the trial the plaintiff in error requested the court to charge the jury as follows: "The plaintiff does not claim damages in this action for any unlawful, improper, or unnecessary construction of railroad tracks and grades. And though the plaintiff may, in some sense, be damaged by the location of said road, this will not necessarily entitle him to recover. Every public improvement, from the necessity of the case, must affect some property favorably and some unfavorably. Individual convenience must

yield to the general good, and if the plaintiff's lots 2 and 3 have not been taken or physically injured by the defendant, then the plaintiff cannot recover, and your verdict must be for the defendant."

This instruction was refused by the court, and this refusal is assigned as error. In this the court did not err. This instruction was objectionable for several reasons, the principal one being that it is in direct conflict with the law as laid down by this court in *Gottschalk v. C. B. & Q. R. R.*, *supra:* It was therefore correctly refused.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.