GEORGE G. GREEN V. MRS. TIERNEY, FORMERLY MRS. S. ROYDS.

FILED SEPTEMBER 18, 1901.   No. 10,200.

1. Errors Not Called to Attention of Trial Court Can Not Be Reviewed. An alleged error occurring during the trial of a case which has not been called to the attention of the trial court in the motion for a new trial can not be reviewed in this court on proceedings in error.

2. Error Can Not Be Predicated on Inconsistent Defenses, Where One of Them is Eliminated. When different defenses are pleaded, one of which is inconsistent with the other, and by an instruction one of the inconsistent defenses is eliminated

40

from the case, the plaintiff can not predicate error because of the inconsistent pleading.

3. **Question: TENDER: REVIEW.** When there has been no offer of proof of the facts sought to be elicited by a question asked in direct examination objected to and objection sustained, the ruling of the court in sustaining the objection is not properly presented for review.

4. **Instructions: EXCEPTION EN MASSE.** When instructions are excepted to *en masse*, if any one is found free from error, the exception can not be sustained.

ERROR from the district court for Custer county. Tried below before SULLIVAN, J. *Affirmed.*

*Henry M. Kidder,* for plaintiff in error.

*J. A. Armour* and *Thomas Darnall, contra.*

HOLCOMB, J.

This action originated before a justice of the peace and was brought by plaintiff in error to recover $29.02 for a bill of goods consisting of patent medicines alleged to have been sold and delivered to the defendant. The answer in the district court pleaded a failure of the plaintiff to comply with the terms of the contract for the sale of the medicines, a rescission of the contract, damages for its breach, and a counter-claim for the sum of $2.48 freight paid on the shipment of the goods. The item of alleged damages was eliminated by the instructions of the trial court and need not be further noticed. A verdict was returned by the jury upon which judgment was rendered. A motion for a new trial being overruled, the plaintiff prosecutes error. The motion for a new trial was based substantially on the following grounds: 1. The verdict is contrary to the evidence. 2. Is contrary to law. 3. Is the result of prejudice. 4. The court erred in giving its instructions on its own motion relative to the right of defendant to rescind. 5. The court erred in the admission and rejection of evidence. 6. Errors of law occurring at and during the trial.

It is argued in the brief that there was a departure from the issues raised before the justice of the peace by the answer filed in the district court and that the trial court erred in not striking from the answer certain parts of it on plaintiff's motion. This question was not, we think, presented in the motion for a new trial with sufficient certainty and we can not therefore review the alleged error. The assignment "errors of law occurring at the trial" is insufficient to call the attention of the court to its ruling during the trial on the motion to strike out a portion of the defendant's answer.

It is next urged that a claim for damages is inconsistent with a plea of a rescission of the contract. But, as heretofore stated, this defense was eliminated from the answer by an instruction of the court and no prejudice has resulted to the plaintiff thereby.

It is next urged that the court erred in rejecting certain evidence offered by the plaintiff. As there was no offer to prove the facts sought to be elicited by the question which was objected to, and the objection sustained, the ruling of the trial court is not properly presented here for review. *Denise v. City of Omaha,* 49 Nebr., 750; *German Ins. Co. v. Hyman,* 34 Nebr., 704, 709; *Smith v. Hitchcock,* 38 Nebr., 104, 110; *Murry v. Hennessey,* 48 Nebr., 608, 613.

Finally, an objection is made to one instruction given by the court on its own motion which it is argued is erroneous. By recurrence to the motion for a new trial, we find the instructions were excepted to *en masse* and we therefore are called upon only to examine the record sufficiently to ascertain whether any one of the instructions given was free from error, and finding such to be the case it follows that the assignment of error under consideration should be overruled.

The judgment of the district court should be and accordingly is

AFFIRMED.

SULLIVAN, J., absent, not voting.