ROSE OLMSTED ET AL., APPELLEES, V. SAMUEL G. NOLL ET AL., APPELLANTS.

FILED JUNE 26, 1908. No. 15,249.

1. Jury: CHALLENGES. It is the settled law of this state that error cannot be predicated upon the overruling of a challenge to a juror for cause, when the record does not disclose that the complaining party has exhausted all his peremptory challenges.

2. Trial: VERDICT. Where the court directs a verdict in favor of one defendant, and submits the cause to the jury as to the other defendants, and the jury returns two verdicts, one for the defendant in whose favor the court directed a verdict, and another against the other defendants, such verdicts will be considered as one, where no objection is made to their form at the time of their rendition nor until after the discharge of the jury.

3. Appeal: VERDICT: JUDGMENT. Where a verdict is rendered in favor of one defendant and against the others, but the judgment entered thereon fails to mention the defendant in whose favor the verdict finds, such error does not prejudice the other defendants, and is not ground for reversing a judgment as to them.

4. ———: OBJECTIONS TO EVIDENCE. Where there has been no offer of proof of the facts sought to be elicited by a question excluded, the ruling of the court in sustaining the objection is not properly presented for review.

5. ———: INSTRUCTIONS: REVIEW. A party cannot predicate error in the giving of an instruction upon the ground that the same is not sufficiently explicit, unless he has first called the attention of the court to such defect, and the court has refused to correct the same.

6. ————: VERDICT: REVIEW. In an action brought by a wife against liquor dealers for loss of support, although the evidence fails to show the actual cost of such support, a verdict will not be set aside, unless the amount is so large as to clearly indicate passion or prejudice in the minds of the jury.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*J. H. Grimm & Son* and *Strode & Strode,* for appellants.

*R. J. Abbott* and *R. D. Brown, contra.*

CALKINS, C.

This was an action by a wife on behalf of herself and minor children against two firms of liquor dealers and their bondsmen for loss of support caused by the sale of liquor to her husband. There was a verdict against the liquor dealers and the American Bonding & Trust Company of Baltimore, one of the sureties, for $1,000, and a separate verdict in favor of the other surety, the Metropolitan Mutual Bond & Surety Company of Omaha. Upon the verdict against the dealers and the American Bonding & Trust Company there was a judgment, from which these defendants separately appeal.

1. The defendants complain that the court erred in overruling a challenge to the favor made to one of the jurors. An examination of the record fails to disclose that the defendants exhausted their peremptory challenges, and we cannot, therefore, review the decision of the district court in that regard. *Curran v. Percival,* 21 Neb. 434; *Jenkins v. Mitchell,* 40 Neb. 664; *Brumback v. German Nat. Bank,* 46 Neb. 540.

2. It appears that the American Bonding & Trust Company was surety for the defendant dealers for the years 1901 and 1902, while the Metropolitan Mutual Bond & Surety Company was surety for the same defendants for the year beginning May, 1903. There being no evidence of sales to plaintiff's husband after May 1, 1903, the dis-

trict court directed the jury to find in favor of the latter defendant. The jury returned two verdicts, one in favor of the plaintiff and against the defendant liquor dealers and the American Bonding & Trust Company of Baltimore, the other in favor of the defendant the Metropolitan Mutual Bond & Surety Company. It is argued that each of these is a specific and separate verdict, and that each is bad because, taken alone, it finds upon only a part of the issues. We think the two verdicts, rendered on the same submission and at the same time, should, in the absence of any objection made at the time they were returned and before the jury was discharged, be considered as one, and, so considered, the verdict responds to all the issues.

3. When the formal judgment was entered, no mention was made of the defendant, the Metropolitan Mutual Bond & Surety Company. This was an error of which the last-named defendant could complain; but we fail to see how the other defendants are in any manner prejudiced thereby. If error, it was error which does not affect any substantial right of the defendants appealing, and must therefore be disregarded under section 145 of the code, which provides that no judgment shall be reversed by reason of any error which does not affect the substantial rights of the adverse party.

4. The plaintiff testified concerning the period embraced in her complaint that she and her children had not clothing to keep them decent, and that her husband did not furnish anything toward the table. The defendants called one Goodwin as a witness, and upon the examination in chief elicited testimony which tended to show that Mr. Olmsted was a drunkard before his marriage to the plaintiff, and that his habits in that respect were not materially different during the period in which the defendants were charged with selling him liquor. After a somewhat extended cross-examination, it was shown on the redirect examination that the witness during the last two years in question was in the drug busi-

ness part of the time and part of the time in the bakery
business. Thereupon the witness was questioned, and testi-
fied as follows: "Q. And he would buy goods of you,
would he, necessaries for the family? A. Yes, sir. Q.
And pay for them? A. Yes, sir; I wouldn't trust him. He
had to pay for them. Q. Could you tell us what amount
he would pay to you for necessaries? (The plaintiff
objects as incompetent, irrelevant, immaterial, not re-
direct. Sustained. Defendant excepts.)" It is now
claimed by defendant that, if the witness had been per-
mitted to answer this question, his testimony would
have tended to contradict that of the plaintiff, when she
testified that her husband furnished nothing for the table.
If the witness would have testified that the husband
bought any considerable amount of necessaries for his
family, the same would have been highly material; but
there was no offer on the part of the defendant to show
what he expected to prove by this witness. The subject
was not broached upon the principal examination of the
witness, and the question referred to was asked upon his
redirect examination, and went to the witness' knowledge
of the amount that plaintiff's husband paid to him for
necessaries. We think the court's attention and the na-
ture of the proof offered should have been challenged by
an offer setting forth what the defendant expected to
establish by this witness; and, in the absence of such
offer, we are unable to say that any error was committed
in excluding this testimony of the witness. It has long
been the rule in this state that, where there has been
no offer of proof of the facts sought to be elicited by a
question excluded, the ruling of the court in sustaining
the objection is not properly presented for review. *Green
v. Tierney,* 62 Neb. 561, and cases there cited.

5. The ninth instruction given by the court reads as
follows: "You should decide this case on the evidence
and that alone, and disregard any statements of counsel,
if any such are made in the course of the trial, which are
not justified by the evidence offered before you. It is

your office, having seen and heard the witnesses upon the stand, to carefully weigh the testimony as produced in evidence before you, and from that alone arrive at a verdict." This instruction is criticised because it fails to tell the jury that it is to decide the case upon the evidence and the law as given by the court. The instruction is right as far as it goes; but it is not as explicit as could be desired. It falls into that class of instructions where the charge does not necessarily mislead the jury, but where from want of particularity there is danger that it may do so. In such case there is no ground of error unless the complementary instruction is requested and refused. 2 Thompson, Trials, sec. 2345; *Republican V. R. Co. v. Fellers,* 16 Neb. 169; *Sioux City R. Co. v. Brown,* 13 Neb. 317; *Henry v. Omaha Packing Co.,* 81 Neb. 237.

6. Finally, it is urged that the verdict is excessive, and indicates that the jury were governed by passion and prejudice. The period for which the plaintiff claims to have suffered the loss of support for herself and children is about two years. There is a lack of any direct evidence as to the amount necessary for the proper support of such a family according to its condition and situation in life, and the amount awarded is not so large that we can from our own knowledge say that it is excessive. In the absence of proof of the actual cost of such support, an appellate court should not disturb the verdict, unless the amount is so large as to clearly indicate passion and prejudice in the minds of the jury.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.