[No. 15778.   Department One.   August 11, 1920.]

# E. P. VAN DELINDER, *Respondent*, v. J. A. RICHMOND, *Appellant*.[1]

TRIAL (20)—RECEPTION OF EVIDENCE—OFFER OF PROOF. Defendant's statement as to what he intended to do with a rented house after his tenant moved out is not inconsistent with the fact that the house was rented for a year, and hence an offer to prove the same to corroborate his denial of such statement is properly overruled.

APPEAL (457)—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE. In an action for breach of promise, in which plaintiff testified that the marriage was to take place after trial of a certain cause in September, it is harmless error to exclude, in denial, evidence that such cause was not then in issue, where it was not shown that plaintiff did not know the cause was not at issue.

APPEAL (123)—PRESERVATION OF GROUNDS—ADMISSION OF EVIDENCE. Error cannot be predicated upon sustaining an objection to a question put to party's own witness which did not indicate the evidence to be elicited, in the absence of an offer of what was expected to be proved.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered June 27, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for a breach of promise. Affirmed.

*Yates & Yates, McMaster, Hall & Drowley,* and *Miller & Wilkinson,* for appellant.

*H. W. Arnold* and *Jos. O. Blair,* for respondent.

MITCHELL, J.—Plaintiff recovered a verdict and judgment for damages against the defendant, upon a breach of promise of marriage. A motion for a new trial being denied, defendant has appealed.

Appellant paid his addresses to the respondent regularly from February, 1918. They became engaged in the early summer of that year, and remained so until

[1]Reported in 191 Pac. 850.

he married another woman on November 21, 1918. In detailing the attentions of appellant, and in proof of his promise of marriage, respondent and several of her witnesses testified to a conversation between a Mrs. Campbell and the appellant wherein Mrs. Campbell asked him about renting a house he owned in the city of Vancouver, and wherein he answered that, when the people moved out, he didn't intend to rent it again, he was going to fix it up, and further said "we intend to live there later," and nodded toward the respondent near by. Mrs. Campbell's version was that, upon asking him if he would rent the house, he said: "Mrs. Campbell, I don't think that I want to rent my house, there is a party living in it. If the parties move out I am going to clean the house up and she and I are going to live in it"—referring to Mrs. Van Delinder. Another witness testified similarly. In the defense, when appellant was testifying in chief, after denying having had any conversation about renting the house, a controversy arose over the propriety of certain questions relating to the testimony of respondent's witnesses and the condition of the house. Objections to the materiality and relevancy of the questions were sustained. Those rulings together constitute the first assignment of error. To make a record and protect his rights with reference thereto, appellant offered as follows:

"We offer to prove by the witness Richmond that his house in Vancouver on the corner of 18th and C streets was leased on the 9th of February, 1918, for twelve months from that date, and was not at any time during the summer of 1918 vacant or for rent, and that there was no time during 1918 after the 9th day of February, 1918, when he could have rented the house to Mrs. Campbell or anyone else."

The offer, upon objection of respondent's attorney, was refused by the court. It is argued by appellant

that, having denied making any statements about the house, his offer was a strong showing that he could not have made use of the building in the manner in which respondent's witnesses testified that he intended to use it, and was a corroborating circumstance of his denial of those statements. Appellant's rights in this particular were limited by the contents of his offer of proof, from which it is clear there was nothing inconsistent with the statements of respondent and her witnesses upon the same subject. Besides, just prior to the offer, appellant, referring to the house, testified as follows:

"Ques. And what's the fact as to whether or not it was rented then? Arnold (attorney for respondent): Objection. Ans. It was rented for a year at that time. Ques. When did you rent it? Ans. February. Arnold: Objection. Court: Sustained. Ques. Did you have a house in Vancouver at that time you could have rented if you wanted it? Arnold: Objection. Court. He may answer. Ans. No, sir."

The assignment of error is without merit.

The next assignment of error argued is the refusal of the court to permit testimony showing that the issues had not been made up in what is referred to as the Lieser case, and that it was at no time ready for trial. During the courtship and the engagement of these parties, there was pending in the superior court of Clarke county a suit wherein Mrs. Van Delinder was plaintiff and one Lieser was defendant. In that suit she was represented by her present attorney, Mr. Arnold. At the time of their engagement, the appellant preferred an early marriage, but the respondent, for some reason not explained by the record, expressed the desire to put the wedding off until after the trial of the Lieser case, which he agreed to. The trial of that case had been put off for reasons which she said she didn't

understand and that she thought it would be heard at the September jury session. She so told the appellant. It happened that there was no jury session in September, and she mentioned it to the appellant in subsequently discussing the fixing of a date for their marriage. In his defense, appellant offered to prove by the records of the clerk's office that the Lieser case was not at issue at any of the times she claimed to have mentioned the matter to him. Upon a proper objection, the offer was refused by the trial court. The weakness of appellant's contention that the evidence offered would have a tendency to disprove her statements as to the condition of the Lieser case, and the weakness of the offer itself, is obvious in the failure to include or attribute knowledge on her part of the actual condition of the issues in that case. In the cross-examination of respondent, in passing upon an objection to a question as to the condition of that case for trial, the court had directed that she might testify as to her understanding regarding the matter, whereupon she testified:

"Ques. Now at that time you didn't understand that this (Lieser) case was even ready for trial, did you? Ans. As far as I knew, yes. I supposed it was coming up whenever the jury was sitting, which was in July or September."

Then immediately she further testified under cross-examination that, in September, after learning there would be no jury session that month, they then agreed to get married in December. It is plain that, in her conversations with appellant concerning the trial of the Lieser case, she relied, as most litigants do, upon the advice of her lawyer; and after her disappointment at the trial not taking place in September, the parties then agreed to get married in December. The refusal of the testimony offered was without prejudicial error.

The next assignment is "the refusal of the court to permit the defendant to testify to a conversation had between him and the respondent referring to the matters in controversy." While testifying in chief in his defense, appellant said he had received a letter from Mrs. Van Delinder's attorney, Mr. Arnold, and that he had called on him with reference to it. He was not allowed to testify to his conversation with the attorney. He afterwards spoke to respondent about the conversation he had had with her attorney. An objection to the question that he relate the conversation with her was interposed. His counsel said: "It throws light upon the relations of these parties, your Honor." The court replied: "Upon the showing that has been made at this time, the objection is sustained." The witness then answered affirmatively that the conversation had to do with his relations to the respondent and would throw light upon those relations. On motion the answer was stricken. Then the witness was asked: "I will repeat again, did you or will you tell the conversation, after having asked the previous questions." An objection, as being immaterial and irrelevant, was sustained. The witness then testified that the conversation referred to with the respondent occurred in the spring or early summer of 1918. That ended the inquiry upon this particular point. The trial court was left in the dark as to the materiality of the evidence, and so are we. Respondent, or any of her witnesses, had not testified to any such conversation; neither had she, or any of her witnesses, or the appellant himself, testified to any business or trouble between her and the appellant wherein she was represented by Mr. Arnold, or any other attorney, prior to appellant's marriage in November. In the instance of the present assignment of error a noticeable departure is observed in the procedure adopted by appellant from that as to the two first assignments,

viz., in this one there was no offer of proof. In such cases, that is, where the question itself does not indicate clearly the evidence to be elicited, or by its terms refer to evidence submitted by an adversary, the rule is that a question addressed to a party's own witness—in this case the party himself—if objected to, must be followed by an offer of what is expected to be proved by the answer, if it is desired to complain of a ruling sustaining the objection and excluding an answer. *Gaffield v. Scott,* 33 Ill. App. 317; *Nonotuck Silk Co. v. Levy,* 75 Ill. App. 55; *State ex rel. Repp v. Cox,* 155 Ind. 593, 58 N. E. 849; *Boisvert v. Ward,* 199 Mass. 594, 85 N. E. 849; *McCormick v. St. Louis,* 166 Mo. 315, 65 S. W. 1038; *Herzig v. Sandberg,* 54 Mont. 538, 172 Pac. 132; *Juby v. Craddock,* 56 Mont. 556, 185 Pac. 771; *Riley v. Missouri Pac. R. Co.,* 69 Neb. 82, 95 N. W. 20; *Farmers & Merchants Ins. Co. v. Dobney,* 62 Neb. 213, 86 N. W. 1070; *Green v. Tierney,* 62 Neb. 561, 87 N. W. 331; *Madson v. Rutten,* 16 N. D. 281, 113 N. W. 872; *Ashmun v. Nichols,* 92 Ore. 223, 178 Pac. 234, 180 Pac. 510; *Mullin v. Flanders,* 73 Vt. 95, 50 Atl. 813; 38 Cyc. 1329, par. b.

Lastly, it is contended there was misconduct of the judge at the trial of the case. From the abstract, the statement of facts, including the affidavits used on the motion for a new trial, the briefs and arguments of counsel, we are satisfied this contention is also without merit.

Affirmed.

HOLCOMB, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.