[No. 19663. *En Banc.* October 27, 1926.]

GRANT L. MILLER, *Respondent,* v. PUGET SOUND BRIDGE
AND DREDGING COMPANY, *Appellant.*[1]

[1] EVIDENCE (37)—RELEVANCY—COLLATERAL FACTS. In an action
to recover for services rendered as an income tax expert,
evidence of the regulations governing the recognition of agents
of income tax patrons before the department is inadmissible,
where the plaintiff was not seeking compensation for appearing
before the department.

[2] EVIDENCE (207½)—COMPETENCY OF EXPERTS—KNOWLEDGE, EX-
PERIENCE AND SKILL. In an action to recover for services rendered
as an income tax expert, it is error to exclude the testimony
of an officer of the defendant as to the reasonable value of the
services, where the officer had qualified as an expert, stating
that he had observed the rendition of services of that character
and was familiar therewith in the conduct of the business of the
company, sufficient to form an inference as to the value thereof.

[3] TRIAL (93, 99)—INSTRUCTIONS—APPLICATION TO PLEADINGS AND
EVIDENCE—REQUEST FOR MORE SPECIFIC INSTRUCTIONS. In an
action to recover for services rendered as an income tax expert,
it is error to refuse a requested instruction to the effect that
there was no contingent fee arrangement and to refuse to give
instructions as to what to take into consideration in determining
the reasonable value of the fee, where there were many in-
ferences in the testimony as to a contingent fee not claimed
by plaintiff, and no instruction was given telling the jury what
they shall take into consideration in determining what would
be reasonable.

FULLERTON AND PARKER, JJ., dissent.

Appeal from a judgment of the superior court for
King county, Davidson, J., entered July 3, 1925, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for services performed. Reversed.

*Roberts & Skeel,* for appellant.
*Rummens & Griffin,* for respondent.

[1]Reported in 250 Pac. 64.

MAIN, J.—This action was brought by the plaintiff to recover the sum of fifteen thousand dollars, claimed to be due him for services rendered as an accountant and income tax expert. The answer of the defendant admitted the liability to the extent of fifteen hundred dollars and no more. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiff in the sum of six thousand dollars. Motion for a new trial being made and overruled, judgment was entered on the verdict, and the defendant appeals.

Some years ago, the Washington Shipping Corporation had a contract with the French government for the construction of six vessels. The appellant acquired the stock of that corporation and took over its assets. A controversy arose between the appellant and the Federal government with reference to the amount of income tax that should be paid, growing out of the contract above mentioned. One G. O. Nelson, an internal revenue examining agent, came to Seattle for the purpose of going over the books of the company. The appellant employed the respondent to assist Nelson in this work. There was no dispute between the government and the company with regard to the figures themselves or the method of bookkeeping. The controversy was as to the plan or method of computing the tax, the government agent taking the position that it should be computed on the "completed ship basis." The appellant's position was that it should be computed on the "completed contract basis." There is a wide distinction between these two methods of computing income taxes, but this need not be gone into here. Nelson, after completing his work, recommended a total tax of approximately fifty thousand dollars, which was sustained by the Income Tax Unit. The company appealed, and was represented in the appeal by an at-

torney located in Washington, D. C. The appeal was successful and resulted in a cancellation of the tax claimed and a refund of money that had been paid. The respondent was not qualified to represent the appellant either before the Income Tax Unit or before the Department Committee on Appeals and Review. A letter or protest which he had prepared at the conclusion of the examination of the books was embodied in the record on appeal.

[1] On the trial, the appellant offered in evidence a copy of the regulations governing the admission and recognition of agents and representatives of income taxpayers before the department, which was objected to and the objection sustained. Of this ruling, the appellant complains, but there was no error in this regard. The respondent was not seeking compensation for having appeared either before the Income Tax Unit or the Department Committee on Appeals and Review. The evidence offered and rejected had no bearing upon the issue in the case.

[2] After the respondent had concluded his case, the appellant called as a witness one Raymond J. Huff, its secretary, who had worked with respondent in the work which is the basis of the controversy. Huff testified that he was in charge of that portion of the business of the company in which the respondent was employed; that he had been with the appellant nine years; that in 1922 and 1923 he was the auditor of the company in charge of all income work, including that pertaining to the Washington Shipping Corporation; that he had worked with income tax experts in similar controversies on behalf of the appellant; that he was familiar with the work done by the respondent; that he was the particular officer of the company having charge of that work; that he was the only officer of the corporation

so qualified, and that he, on behalf of the company, employed the appellant. The witness was then asked this question:

"Q. Now, Mr. Huff, I would like you to state what in your opinion is the fair, just and reasonable compensation to be paid Mr. Miller for what services he performed in this matter in connection with the income tax matters, first of the Washington Shipping Corporation."

An objection was interposed and sustained. The objection appears to be based upon the ground that, since the action was not against Huff, but against the corporation of which he was an officer, he could not testify as to what would be reasonable compensation in the absence of being qualified as an expert, and the appellant declined to so qualify him. The rejection of the testimony was error. In 22 C. J., p. 593, it is said:

"A witness who has observed the rendition of services and has a sufficient familiarity with services of that nature to form a reasonable inference as to value may state such inference."

In vol. 5, Encyclopedia of Evidence, p. 537, it is said:

"It would seem that as a general proposition officers of a corporation who are charged with the conduct of the business of such corporation are qualified to testify as experts upon questions relating to such business."

The respondent, however, says that, even though it may have been error to reject the testimony, it is not such error as the appellant is entitled to take advantage of for the reason that no offer of proof was made. Since the judgment must be reversed for another reason and this error will not occur upon another trial, it is unnecessary here to discuss or determine whether the question can be raised in the absence of an offer of proof.

[3] The appellant requested the court to instruct the jury in effect that there was no contingent fee arrangement or contract involved in the case and, also, that, in determining the compensation to be allowed, what should be taken into consideration. These requests were both refused. The court simply instructed the jury that there was but one issue of fact and that was the reasonable value of the services rendered by the respondent. There was no instruction informing the jury what they should take into consideration in determining this question, and there was no instruction telling them that there was no question of a contingent fee in the case. In view of the evidence, the failure to give the requested instructions was prejudicial error. The respondent was not seeking to recover upon the basis of a contingent fee, but claimed that, at the time he was employed, it was understood that the amount of compensation would not be determined until after the result obtained was known. This is disputed by the witness for the appellant through whom the respondent was employed, and he stated that nothing was said at the time of the employment with reference to compensation or when it should be paid. A witness called by the respondent, in response to a question as to what would be a reasonable per diem charge where there had been no agreement in the first instance, stated, "fifty dollars a day would be a fair charge." He was then asked this question:

"If it were not fixed on a per diem basis, what would be a reasonable compensation, if there is no express agreement between the parties to make a per diem basis?"

and answered,

"From twenty to fifty per cent of the actual amount of money that the party was exempt from paying by

reason of the services of the representative, including interest and penalties.''

On cross-examination the witness stated,

''. . . that in his statement of twenty to fifty per cent of the amount saved, he meant a contingent fee, that is, a fee based upon the results obtained—a certain percentage of the amount saved, or whatever the results might be; that there could be no contingent fee without a specific contract and that no fee would be paid if there was no refund.''

Another witness called by the respondent testified along the same line. These references in the testimony to a contingent fee and the basis upon which compensation should be allowed made it necessary that the jury be told that there was no contingent fee involved in this case, and that there should have been given an instruction telling the jury what they should take into consideration in determining what would be reasonable compensation. As stated, instructions were requested upon these matters and not given. The jury were left to their own judgment as to what they should take into consideration in determining what would be reasonable compensation to the respondent for the services which he had rendered.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter an order granting a new trial.

TOLMAN, C. J., MITCHELL, HOLCOMB, ASKREN, and BRIDGES, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion. Relative to the first question discussed, I agree with the majority that the witness Huff was sufficiently qualified to testify to the value of the respondent's services, and that it was error on the part of the trial court not to permit him to answer. But

I am of the opinion that it was not error requiring a reversal. The appellant did not sufficiently pursue the matter. The question propounded to the witness was one to which different answers could be returned. The witness might have answered that the services were worth all that the respondent claimed, or he might have answered that they were worth something less than the claim, but equal to or more than the sum the jury returned; in either of which events the appellant would have suffered no injury by the refusal of the court to permit him to answer. It was, therefore, incumbent on the appellant to show that the answers would be favorable to its side of the issue. Having the opportunity to so show, and having failed so to do, no presumption arises that the answer of the witness would have been favorable to it. In this situation, under our holdings, the rule is that the error is not available to the appellant. *Godefroy v. Hupp*, 93 Wash. 371, 160 Pac. 1056, Ann. Cas. 1918E 494; *Van Delinder v. Richmond*, 112 Wash. 191, 191 Pac. 850.

Nor am I able to discover error in the action of the court on which the majority reverse the judgment. As stated by the majority, the respondent did not seek recovery on the basis of a contingent fee. He sued for the value of his services, and during the trial of the case, when the evidence relating to a contingent fee was given by the witnesses, the court ruled, on objection to that line of testimony, that the question of a contingent fee was not involved, and so distinctly stated in the presence of the jury. In the instructions, the court also made clear to the jury that the reasonable value of the services was the sole question for their determination. Because it did not again state in its instructions that the question of a contingent fee was

not involved, I cannot think in any way misled the jury. In my opinion, the judgment should be affirmed.

PARKER, J., concurs with FULLERTON, J.