[No. 35478.   Department Two.   June 15, 1961.]

J. C. BOESPFLUG et al., Respondents, v. STUART S. WILSON et al., Appellants.*

*Reported in 362 P. (2d) 747.

*Lewis L. Stedman, Lycette, Diamond & Sylvester, Lyle L. Iversen,* and *Meade Emory,* for appellants.

*Allen, DeGarmo & Leedy,* for respondents.

Foster, J.—Respondents, who were the prime contractors for the construction of a hospital for the Federal Government in Alaska, sued the lathing and plastering subcontractors, Arthur G. Steeves[1] and Stuart S. Wilson, partners, and the surety on their performance bond, The American Surety Company of New York, for the completion of the lathing and plastering on the hospital. The subcontractors defaulted and turned the job over to their performance bond surety who thereupon employed the plaintiffs, respondents here, to complete the work. The defendants, except Steeves, appeal from a judgment for the cost thereof.

The subcontractors, Steeves and Wilson, proceeded with such work until December 15, 1951, when plastering operations were discontinued for the winter. Shortly thereafter, the plaster cracked severely. The United States Government registered several complaints beginning in January, 1952. Thereafter, Steeves and Wilson, in writing, formally abandoned the contract because of financial difficulties. The next day, the appellant surety company by letter employed respondents to complete the work of the subcontractors. Respondents did so, and the United States Government accepted the work on July 10, 1953.

The trial court awarded respondents judgments against Wilson for $266,953.05, and against the surety company in the sum of $175,991.70,[2] the amount claimed less admitted credits.

The appellants contend that respondents agreed to ex-

---

[1] Although joined as a defendant, Arthur G. Steeves was discharged in bankruptcy and, by stipulation, was dismissed as a party in the trial court, and was never a party on this appeal.

[2] This is a clerical error. The correct amount is $175,990.70.

haust (in appellants' behalf) appellants' claim against the Bureau of Indian Affairs before suing appellants for recovery on the breach of the subcontract; that the trial court erred in finding Steeves and Wilson failed to comply with the subcontract specifications; and that the trial court applied the wrong measure of damages to the breach of the subcontract by ignoring the liquidated damage provision for delay.

■ None of these contentions is germane to this controversy which concerns only the employment of the respondent by the surety to complete the contract of its principals. This is an action upon the surety's contract with respondents and not upon the original subcontract. Since there was no agreement respecting the amount of compensation to be paid respondents by the appellants for finishing the job, they are entitled to reasonable compensation therefor. *Jones v. Brisbin*, 41 Wn. (2d) 167, 247 P. (2d) 891.

The parties stipulated:

"That the expenditures by plaintiffs listed in the Bill of Particulars filed herein by plaintiffs on or about January 21, 1957 and totalling the sum of $266,953.05 were made in the amounts and for the purposes therein stated, and were reasonably and necessarily incurred by plaintiffs, provided, however, that nothing contained in this Stipulation shall be deemed an admission by defendants that any part of said expenditures is properly chargeable to them."

Appellants argue that the trial court misinterpreted the stipulation in its following finding of fact:

"That as covered by the Stipulation as entered into between the Plaintiffs and the Defendants STUART S. WILSON and AMERICAN SURETY COMPANY OF NEW YORK, the original of which was introduced in evidence herein as Plaintiffs' Exhibit 6, the Plaintiffs reasonably and necessarily expended or incurred liability for the sum of $266,953.05 in the repair of the plaster cracks in the Anchorage Native Service Hospital Building and by reason of the delay subsequent to November 1, 1952, in securing final acceptance of said Hospital Building by the Department of Interior, Alaska Native Service, by reason of said plaster cracks and the necessity for repair thereof, all as set forth in more

detail in the Bill of Particulars furnished by the Plaintiffs to the Defendants herein."

Appellants argue that the stipulation was intended only to admit that the expenditures were made, and that they were reasonable, and advert to the proviso in the stipulation specifically denying any admission that any of the expenditures were properly chargeable to them. They assert that the respondents showed no such relation between the expenditures admitted and the repair of the plaster.

We decide otherwise.

■ The bill of particulars itemized the expenditures alleged in the complaint. Respondent J. C. Boespflug, by his testimony, proved the relationship between such itemized expenditures and the work required to complete the lathing and plastering. The appellants offered nothing to the contrary. The findings are supported by substantial evidence which the court believed. No more is required to sustain the court's finding.

■■ The trial court erred, however, in allowing interest prior to judgment. To allow interest before judgment, the amount due must be computable by a standard fixed in the contract. *Mall Tool Co. v. Far West Equipment Co.,* 45 Wn. (2d) 158, 273 P. (2d) 652. Reasonable value is not a fixed standard. *Hopkins v. Ulvestad,* 46 Wn. (2d) 514, 282 P. (2d) 806. Interest should run only from the date of the judgments, November 23, 1959.

The judgments are modified by eliminating interest prior to judgment, and by the correction of the clerical error referred to in footnote 2.

Neither party shall be allowed costs.

FINLEY, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.

---

September 21, 1961. Petition for rehearing denied.