[No. 310-2.    Division Two.    July 30, 1971.]

M. HARVEY SEGALL, *Appellant,* v. BEN'S TRUCK PARTS, INC.,
*et al., Respondents.*

*Potter & Ruff* and *Frank J. Ruff,* for appellant.

*Seinfeld, Seinfeld & Duggan* and *Lester Seinfeld,* for respondent.

PEARSON, J.—This is an action to recover the value of services performed in the design and production of computer programs. The facts are essentially agreed upon by the parties; only the amount due to the plaintiff is disputed here.

Under an oral agreement the defendant retained the plaintiff to design and produce computer programs which could be used to generate various accounting data relevant

to defendant's business. These programs were executed and admittedly did work properly. It is agreed that several hundred hours' work went into construction of these programs. The work took longer and cost more than originally anticipated, which resulted in this litigation. The dispute revolves around the reasonable value of the services of a computer programmer. An expert witness testified that the usual and accustomed fees for the services of such persons range from $12 to $22 per hour. The expert also testified that the value of such services is arrived at by adding a reasonable profit to the cost of the services. The testimony shows that the plaintiff billed out such time at $10 per hour and that the worker who did the programming was paid $3.75 per hour. There was testimony from plaintiff that $10 per hour, or $6,773.35, was a reasonable fee for the work. Defendant's president testified that $4,000 was a reasonable fee for all the work. The trial court found $5 per hour to be a reasonable fee for programming and on that basis entered the judgment appealed from.

The issue before us is to what extent the trial court was obliged to accept the uncontradicted and unimpeached testimony of plaintiff and his expert witness as to the reasonable charges for the computer programmer services.

We think that the proper rule provides that the trier of facts may give to the testimony of any witness such weight and credence as it believes the evidence warrants. As Wigmore points out, at common law, credibility does not depend upon the number of witnesses. One single witness may be sufficient to present evidence upon which a legally sufficient verdict may be entered. Conversely, the unimpeached assertion of any witness need not be believed. *See In re Estate of Hastings,* 4 Wn. App. 649, 484 P.2d 442 (1971). To decide otherwise would be to enshrine in our law a quantitative and impersonal measure to testimony. Credibility does not exist in equal quantities in all potential witnesses, so that the testimony of one is as believable as that of another. Some persons may well be more believable than others. We are unable to formulate any hard and fast

rule as to how much evidence is sufficient to establish a fact. In some circumstances, one witness may be sufficient, while in others even two or three will not suffice to establish a fact. This we must leave to the trier of facts. 7 J. Wigmore, Evidence § 2033 (3d ed. 1940) and cases cited therein. We note that the more modern authority strongly favors the position we follow.

■ The Washington Supreme Court early decided that the trier of facts is not bound by the testimony of an interested witness, but may give such testimony whatever credence it merits. *Keene v. Behan,* 40 Wash. 505, 82 P. 884 (1905). Other authority for this proposition is collected in *Blair v. McKinnon,* 40 Wn.2d 492, 244 P.2d 250 (1952) and *Rognrust v. Seto,* 2 Wn. App. 215, 467 P.2d 204 (1970). We can see no reason for limiting the rule only to interested witnesses. RCW 5.60.030 directs that interested persons who are otherwise competent to testify cannot be excluded from testifying on the basis of their interest in the matter. We cannot see why the logic which makes the credibility of this class of witnesses a question for the trier of facts does not also apply to other equally competent witnesses and such was our holding in *In re Estate of Hastings, supra.*

To hold otherwise would, we think, make the testimony of disinterested witnesses inherently superior to that of interested witnesses. If the rule were that the uncontradicted testimony of a disinterested witness must be accepted, then the uncontradicted statements of such a witness would necessarily establish a fact, whatever the credibility of the witness might be. This is, we think, contrary to the policy of RCW 5.60.020 and RCW 5.60.030, which make interested persons competent witnesses, without any qualification other than that their interest may be shown as a factor to be weighed in deciding credibility. The policy of these statutes is to make interested parties competent witnesses and this is defeated if the credibility of interested witnesses is always a question for the trier of facts, but the testimony of disinterested witnesses presents such a question only if the testimony is contradicted.

■ Since the trier of facts may believe or disbelieve such evidence as it will, we may be left with the situation in which the testimony of plaintiff's expert and of plaintiff as to the reasonableness of the fee was disbelieved or not accepted by the trier of facts. This leaves only the testimony of the president of the defendant company to show the reasonable value of these services. This witness specifically disclaimed knowledge of what were reasonable fees for this sort of work and of what factors would be necessary to compute such a figure. We think that such testimony is by its nature worthless. The witness stated he was without knowledge as to the reasonable value of services of the sort in question and did not know the cost factors that went into computation of such a value. In fact, he stated that when plaintiff attempted to explain these factors to him, he had said he did not want to know about them. We think that this witness has testified he lacks any basis upon which to base an opinion on the reasonable value of services. *See Miller v. Puget Sound Bridge & Dredging Co.,* 140 Wash. 663, 250 P. 64 (1926). Since the opinion is without a basis in knowledge, we think that it is of no use and entitled to no weight. *See* Model Code of Evidence rule 401 (1942).

We have, thus, only the testimony of the plaintiff that he paid the worker who did the programming $3.75 per hour. The trial court's memorandum opinion indicates that it found this testimony credible. As trier of facts, the trial court was entitled to give such credit to other testimony as it felt it deserved. If it is assumed that none of the evidence was accepted but the $3.75 per hour figure, we can see no complaint that plaintiff might have. The trial court allowed more than a nominal markup by awarding $5 per hour.

The case, thus, is similar to *Riblet v. Spokane-Portland Cement Co.,* 45 Wn.2d 346, 274 P.2d 574 (1954), wherein the Supreme Court stated at page 350:

Except for the testimony of Hubbell, which neither the trial court nor this court is willing to accept, there is then no evidence to substantiate any other figure for that

item. Under such circumstances, they have no ground for complaint, the award of damages being more than nominal.

A second assignment of error involves the propriety of denying the plaintiff interest on the amount due from the time the obligation matured until judgment was entered. We think that such a denial was proper. Computation of the amount due in this case is not the mathematical process of computation contemplated in *Prier v. Refrigeration Eng'r Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968). Rather, evidence was necessary to establish the reasonable value of the service. Where, as here, the trial court must exercise its discretion as to what evidence to give credit to and what amount to use in its computations, without reference to a contractual standard of the parties, the denial of interest was proper. *See Paduano v. J. C. Boespflug Constr. Co.*, 66 Wn.2d 527, 403 P.2d 841 (1965).

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.