914

[No. 5597–1.   Division One.   November 20, 1978.]

STUART D. HEATON, *Respondent*, v. KEN IMUS,
ET AL, *Appellants*.

*Olson & Olson* and *Charles R. Olson,* for appellants.

*Oles, Morrison, Rinker, Stanislaw & Ashbaugh, Sam E. Baker, Jr.,* and *Arthur D. McGarry,* for respondent.

FARRIS, C.J.—Ken and Barbara Imus, doing business as Jacaranda Land & Development Corporation, owned realty in Bellingham, Washington. Stuart D. Heaton, doing business as Heaton Construction Company, performed rehabilitation work on certain of the Imuses' properties. This action arose out of a dispute regarding the compensation agreed upon for the restoration of one of the properties.

Imus contends that the parties agreed upon an oral, implied in fact, lump–sum contract for the construction project. Heaton argues that the agreement between the parties was an oral, implied in fact, cost–plus contract. The trial court concluded:

> The work of plaintiff in designing and constructing the Fairhaven building to its present state of completion was not pursuant to a contract written or oral, but plaintiff is entitled to recover the reasonable value of his work (less payments received) on the basis of quantum meruit.

Conclusion of law No. 2.

> Because there was no enforceable contract entered by the parties, plaintiff is not entitled to recover lost anticipatory profits for defendant's wrongful termination of the contract, and defendants are not entitled to recover the costs of completing the building in excess of a set amount.

Conclusion of law No. 3. The trial court's findings of fact, which are based on substantial evidence in the record, support these conclusions.

The court ordered the foreclosure of a lien filed by Heaton on March 15, 1976, and, on a theory of quantum meruit, awarded Heaton $95,081.39, together with $14,725 in costs and attorney's fees. It also ordered that prejudgment interest be computed on any adjusted invoices submitted to Imus, commencing 15 days after their date of presentation. Imus' counterclaims of fraud, breach of contract, and for an accounting were dismissed.

Imus argues that the trial court erroneously considered the secret and unexpressed intentions of Heaton, which were inconsistent with his objective manifestations, in denying the existence of a contract. While the record could be construed to support Imus' allegations, the trial court, on the basis of substantial evidence, made findings of fact that rejected Imus' position.

Imus contends that the "post-tensioning" work by Heaton during the last 2 weeks of December 1975 did not constitute performance of labor under the "agreement" so as to make the March 15 lien filing timely. He argues that the labor was performed without the thought of compensation, was charged to and paid for by another subcontractor, and occurred after the termination of construction activity upon his property. The record does not support this contention.

■ RCW 60.04.060 requires a lien to be filed within 90 days of the date that the lienor last performed labor or supplied materials. When additional work is undertaken to remedy a defect in work already completed, the time for filing a lien runs from the date of performance of the additional labor if the later work was not done (1) under a new and independent contract, (2) for the purpose of prolonging the time for filing the lien, or (3) in an attempt to renew the right to file a lien that had been lost by a lapse of time. *Friis v. Brown*, 37 Wn.2d 457, 460, 224 P.2d 330 (1950). *See Hopkins v. Smith*, 45 Wn.2d 548, 552, 276 P.2d

732 (1954). Heaton and his employee, Anderson, testified that they checked and braced the cables supporting the cement building slabs around December 29, 1975. This testimony, if believed, brought Heaton's late December labor within the meaning of RCW 60.04.060; the March 15, 1976, filing was timely.

■ Imus recognizes that a lien claimant may be awarded attorney's fees under RCW 60.04.130, but contends that because Heaton breached a substantial duty by failing promptly to inform him that the cost of the project would greatly exceed the amount budgeted for it, the trial court's award of attorney's fees constituted an abuse of discretion. We reject the contention. Imus' reliance on *Walsh Servs., Inc. v. Feek*, 45 Wn.2d 289, 274 P.2d 117 (1954), is misplaced. Heaton's duty to apprise Imus of all cost changes was lessened by the trial court's finding that no contract was entered into by the parties. Heaton sent invoices to Imus detailing cost of labor and materials used to date. The court found that on one occasion Heaton informed Imus of some additional costs that would be incurred in the construction of the building. The court considered Heaton's failure to disclose all expected cost increases as an insufficient basis upon which to deny attorney's fees. An award of attorney's fees is within the trial court's discretion. *Forrester v. Craddock*, 51 Wn.2d 315, 317 P.2d 1077 (1957). We find no abuse of discretion in the award here.

■■ Certain terms are normally essential to the formation of a construction contract. *Plumbing Shop, Inc. v. Pitts*, 67 Wn.2d 514, 408 P.2d 382 (1965). Custom and usage will not be used to fill in all of the essential elements of an incomplete agreement. *Plumbing Shop, Inc. v. Pitts, supra* at 521–22; *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 49 Wn.2d 363, 366–67, 301 P.2d 759 (1956). Here the absence of a price term which is generally a necessary element of a binding contract, 17 C.J.S. *Contracts* § 36(2)(c) (1963), and the lack of clarity surrounding other terms, support the court's finding that there was no contract between Heaton and Imus and that any award should

be in quasi contract. *See Mill & Logging Supply Co. v. West Tenino Lumber Co.,* 44 Wn.2d 102, 113–16, 265 P.2d 807 (1954).

■ Interest prior to judgment is allowable when the amount claimed is either "liquidated" or computable "with reference to a fixed standard contained in the contract, without reliance on opinion or discretion." *Prier v. Refrigeration Eng'r Co.,* 74 Wn.2d 25, 32, 442 P.2d 621 (1968); *see Boespflug v. Wilson,* 58 Wn.2d 333, 362 P.2d 747 (1961). Restitution in quasi contract is that amount necessary to restore the nonbreaching party to his or her position prior to performance. *Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 91, 492 P.2d 1058 (1971). Under this theory of recovery, an award is ascertainable only by the introduction of evidence concerning the reasonable value of services and expenditures without reference to a fixed standard. *Dravo Corp. v. L.W. Moses Co., supra* at 92; *Segall v. Ben's Truck Parts, Inc.,* 5 Wn. App. 482, 486, 488 P.2d 790 (1971). It was error to allow interest to Heaton on the sum recovered.

Heaton argues that the trial court erred in failing to award reasonable profit. His argument might be well taken had the trial court found an implied in fact contract. *Bignold v. King County,* 65 Wn.2d 817, 826, 399 P.2d 611 (1965); *Losli v. Foster,* 37 Wn.2d 220, 232, 222 P.2d 824 (1950). Here, however, the trial court based its award on principles of quasi contract, thereby excepting reasonable profit as a factor for consideration. *Dravo Corp. v. L.W. Moses Co., supra* at 92.

■ In *Dravo,* we also stated:

Where an improper element of damages is submitted to the jury, the vice may be cured by ordering a remission if the amount of such damages can be readily calculable with reasonable certainty. . . . Under the particular facts of this case we believe the element of interest, improperly awarded by the jury, is readily calculable with reasonable certainty and see nothing to be gained by submitting the case for a new trial on the issue of damages where this error can be corrected at the appellate level.

(Citations omitted.) *Dravo Corp. v. L.W. Moses Co., supra* at 95. We follow that principle here. The judgment is reduced by the amount denominated by the trial court as interest charges. We deny the petition for attorney's fees on appeal.

Affirmed as modified.

ANDERSEN and DORE, JJ., concur.

Reconsideration denied February 14, 1979.

Review granted by Supreme Court May 4, 1979.